**Narvis G. NONNETTE, Plaintiff–Appellant,**

v.

**Larry SMALL; R. Schelke; E. Castro; D. Johnson; M.A. Corbin; J. Builtman, Defendants–Appellees.**

No. 00–55702.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2002.

Filed Dec. 26, 2002.

---

Peter R. Afrasiabi (argued), Turner Green Afrasiabi & Arledge LLP, Costa Mesa, California; Brett J. Williamson, Elizabeth Lemond, O'Melveny & Myers, LLP, Newport Beach, CA, for the plaintiff-appellant.

Randall A. Pinal, Deputy Attorney General, San Diego, CA, for the defendants-appellees.

Before: LAY,* CANBY and PAEZ, Circuit Judges.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

CANBY, Circuit Judge.

Plaintiff Narvis Nonnette brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging that officials of the Calipatria State Prison in California violated his constitutional rights by: (1) miscalculating his prison sentence and (2) revoking 360 days of his good-time credits and imposing 100 days of administrative segregation in a disciplinary proceeding without supporting evidence. The district court dismissed the miscalculation claims and granted summary judgment for the defendants on the disciplinary claim. The district court based both rulings on the fact that Nonnette was a state prisoner and that his civil rights claims necessarily challenged the validity of the underlying decisions that caused his continued confinement. Because those determinations had not been set aside, the district court held that *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), precluded Nonnette from maintaining his § 1983 action.

Nonnette appeals the district court's rulings. He points out that he has now completed serving the incarceration portion of his sentence (including the additional year that resulted from his disciplinary proceeding) and has been released to parole. He argues that, because any direct challenge to his disciplinary proceeding would be moot, *see Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), he must be allowed to maintain his § 1983 action. We conclude that he is correct, and we therefore vacate the decision of the district court and remand for further proceedings.

*Background*

Nonnette's disciplinary proceeding arose out of an inmate fight in July 1998. Nonnette was found to have stabbed another inmate, despite his contention that all of the evidence indicated that the inmate had been stabbed before Nonnette joined the fight. Nonnette was assessed 360 days loss of good-time credits, and was placed in administrative segregation for 100 days.[1]

Nonnette filed a complaint in the U.S. District Court for the Southern District of California alleging three due process violations pursuant to 42 U.S.C. § 1983.[2] The first two claims asserted that Nonnette's release date initially had been improperly calculated, and that he wrongfully had been denied work credits that would have led to an earlier release. The third cause of action asserted that his due process rights were violated by his disciplinary proceeding and the ensuing loss of good-time credits and administrative segregation. The complaint sought injunctive relief and damages.

The district court dismissed Nonnette's first two causes of action for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). The court held that, because the claims challenged the validity of the decisions underlying Nonnette's confinement, Nonnette was required to proceed first in habeas corpus, *see Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and could not bring a § 1983 action for damages until he had succeeded in invalidating his confinement through habeas. *See Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. The district court declined to dismiss Nonnette's third claim, because Nonnette asserted that he had received a

---

1. The disciplinary decision originally imposed a term of 15 months in a segregated housing unit. That term was later suspended, but Nonnette served 100 days of administrative segregation.

2. Nonnette first exhausted his prison administrative remedies, thereby satisfying that requirement of the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a).

paper invalidating his disciplinary proceeding. Upon the State's later motion for summary judgment, however, the evidence indicated that the disciplinary ruling remained in force, and the district court accordingly granted summary judgment on the third claim on the authority of *Heck.*

### Discussion

Both parties concentrate their arguments on the summary judgment ruling, indicating that those arguments will also apply to the dismissals of the first two claims. We follow the same course in our analysis. We review de novo both grants of summary judgment and dismissals for failure to state a claim. *Balint v. Carson City,* 180 F.3d 1047, 1050 (9th Cir.1999) (en banc) (summary judgment); *Berry v. Valence Technology, Inc.,* 175 F.3d 699, 706 (9th Cir.1999) (Rule 12(b)(6) dismissal).

### I

█ It has been clear for over thirty years that a state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983. *See Preiser,* 411 U.S. at 489, 93 S.Ct. 1827. Nonnette also seeks damages, however, and that issue was addressed by the more recent decision of *Heck v. Humphrey.* There, the Court held that a state prisoner's damages claims that necessarily implied the invalidity of his conviction or sentence could not be maintained under § 1983 unless the prisoner proved "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determi-

nation, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87, 114 S.Ct. 2364 (citation omitted).

█ The Supreme Court subsequently held that the *Heck* rule applied to a state prisoner who was seeking damages for unconstitutional deprivation of good-time credits, so long as the alleged constitutional violation would, if established, imply the invalidity of the deprivation of good-time credits.[3] *Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). There is no question in this case that Nonnette seeks damages for the unconstitutional deprivation of the good-time credits themselves, and that if he succeeded in showing that the prison officials acted contrary to *all* of the evidence, a finding in his favor would imply the invalidity of the revocation and administrative segregation. In that regard, Nonnette's case parallels *Heck* and *Edwards.*

█ Nonnette's case in its present posture differs, however, from *Heck* and *Edwards* in one respect that we conclude to be critical. After the district court entered its decision, Nonnette was released from the incarceration of which he complains, and is now on parole. Were he to seek a writ of habeas corpus, his petition would present no case or controversy because establishing the invalidity of his disciplinary proceeding could have no effect on the 360 days of additional incarceration or the 100 days of administrative segregation that resulted from it. Nor could such relief have any effect on the term of his parole.[4] As a consequence, his petition for

---

**3.** A prisoner who seeks damages only for being subjected to unconstitutional procedures, without implying the invalidity of (or seeking damages for) the resulting loss of good-time credits, may proceed under § 1983 without first invalidating his disciplinary proceeding. *See Heck,* 512 U.S. at 482–83, 114 S.Ct. 2364

(discussing *Wolff v. McDonnell,* 418 U.S. 539, 553–54, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)); *Edwards v. Balisok,* 520 U.S. 641, 645–46, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

**4.** The State does not contend that the length of Nonnette's parole term would be affected

habeas corpus would have to be dismissed as moot. *See Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). In *Spencer*, the Supreme Court held that, although a prisoner who has completed his sentence can challenge his *conviction* in habeas corpus because of the collateral consequences that survive his release, no such collateral consequences attended the prisoner's incarceration imposed for violation of parole. *Id.* at 14–16, 118 S.Ct. 978. Accordingly, the prisoner's petition was moot because he had served the term of incarceration resulting from his parole revocation. *See id.* at 18, 118 S.Ct. 978.

We see no relevant distinction between the collateral consequences attending parole revocation and those attending Nonnette's deprivation of good-time credits. We are satisfied, therefore, that if he now filed a petition for habeas corpus attacking the revocation of his good-time credits and the imposition of administrative segregation (as well as the administrative calculation of his release date), his petition would have to be dismissed for lack of a case or controversy because he has fully served the period of incarceration that he is attacking.

That point brings us to the crucial question in this appeal: Does the unavailability of a remedy in habeas corpus because of mootness permit Nonnette to maintain a § 1983 action for damages, even though success in that action would imply the invalidity of the disciplinary proceeding that caused revocation of his good-time credits? Although the answer is not entirely clear under *Heck* and its progeny, we join the Second and Seventh Circuits in concluding that, in these circumstances, a § 1983 claim may be maintained.

Admittedly, there is language in *Heck* suggesting that the prior overturning of an underlying conviction is invariably a prerequisite for a § 1983 action that implies the conviction's invalidity. *Heck's* analogy to malicious prosecution, which requires favorable termination of criminal proceedings as an element of the civil claim, is perhaps the strongest example. *See Heck*, 512 U.S. at 484, 114 S.Ct. 2364. But *Heck* dealt with a prisoner who was still incarcerated, and thus where a remedy in habeas corpus was available.

*Spencer*, on the other hand, dealt with a prisoner who had completed his term; indeed, that completion caused his habeas petition challenging revocation of parole to be dismissed as moot. *Spencer*, 523 U.S. at 18, 118 S.Ct. 978. One argument raised by Spencer was that his case should not be considered moot because, under *Heck*, his habeas action would be a prerequisite to a civil suit under § 1983. Justice Scalia's opinion for the Court characterized this argument as "a great non-sequitur, unless one believes (as we do not) that a § 1983 action for damages must always and everywhere be available." *Id.* at 17, 118 S.Ct. 978. But, if Justice Scalia's statement means that a § 1983 action is precluded even though a habeas petition would be dismissed as moot, five Justices disagreed with it. Justice Souter, writing for four concurring Justices, stated:

> *Heck* did not hold that a released prisoner in Spencer's circumstances is out of court on a § 1983 claim, and for reasons explained in my *Heck* concurrence, it

by invalidation of his disciplinary proceeding or by administrative recalculation of his date of release from incarceration. It argues only that Nonnette is still "in custody" while on parole, and thus qualifies for habeas relief. The relevant bar to habeas relief, however, is not the "in custody" requirement, but the "case or controversy" requirement, which would render Nonnette's claims moot if they were brought in a habeas corpus proceeding. *See Spencer*, 523 U.S. at 7, 118 S.Ct. 978.

would be unsound to read either *Heck* or the habeas statute as requiring any such result. For all that appears here, then, Spencer is free to bring a § 1983 action, and his corresponding argument for continuing habeas standing falls accordingly.

*Id.* at 19, 118 S.Ct. 978 (Souter, J., concurring). Justice Stevens, who dissented on the issue of mootness, dropped a footnote stating:

Given the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear, as Justice SOUTER explains, that he may bring an action under 42 U.S.C. § 1983.

*Id.* at 25 n. 8, 118 S.Ct. 978 (Stevens, J., dissenting).

Informed as we are by the opinions in *Spencer*, we conclude that *Heck* does not preclude Nonnette's § 1983 action.[5] In so ruling, we are in accord with the decisions of at least two of our sister circuits. *See Huang v. Johnson*, 251 F.3d 65, 75 (2d Cir.2001) (discussing *Heck* and *Spencer* and concluding that a § 1983 action challenging denial of credit for time served in pre-trial incarceration was not barred by *Heck* because the incarceration had been fully served and habeas was unavailable); *Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir.1999) (State will not be relieved of waiver of *Heck* defense because *Heck* does not appear to apply to plaintiff challenging

loss of good-time credits after release from prison, when habeas is unavailable).[6]

## II

At the time the district court entered its decision in this case, Nonnette was still incarcerated. The district court therefore committed no error in deciding as it did in light of that circumstance, because habeas corpus would have been available to test the validity of the disciplinary proceeding (and the administrative calculations of Nonnette's sentence). The State argues that we must therefore affirm the district court's judgment, even though it imposes a prerequisite that Nonnette, having been released on parole, can no longer fulfill. We do not consider ourselves so bound, however, to an affirmance that leaves Nonnette with no conceivable remedy even if his constitutional objections are meritorious. In that regard we can do no better than to quote the Supreme Court:

We have frequently held that in the exercise of our appellate jurisdiction we have power not only to correct error in the judgment under review but to make such disposition on the case as justice requires. And in determining what justice does require, the Court is bound to consider any change, either in fact or in

---

5. We recognize that, if *Heck* precluded Nonnette's action, we would not be free to consider it undermined by the opinions in *Spencer*. The Supreme Court retains the sole prerogative of overruling its own decisions. *See, e.g., Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989). We conclude that *Heck* does not control, and reach that understanding of *Heck's* original meaning with the aid of the discussions in *Spencer. See DeWalt v. Carter*, 224 F.3d 607, 617 n. 5 (7th Cir. 2000) ("[W]e rely on separate opinions not to overrule precedent, but to help guide us in deciding an open question.").

6. The fact that Nonnette has been released from the incarceration that his civil suit, if successful, would impugn, and that a habeas petition would be moot for that reason, differentiates this case from our recent decision in *Cunningham v. Gates*, 312 F.3d 1148 (9th Cir.2002). In *Cunningham*, the plaintiff brought a civil suit that would have impugned the conviction for which he was still incarcerated; habeas corpus was unavailable only because he had let the time for such a petition expire. Under those circumstances, we declined to take the case out of the rule of *Heck. Cunningham*, 312 F.3d at 1154 n. 3.

law, which has supervened since the judgment was entered.

*Patterson v. Alabama*, 294 U.S. 600, 607, 55 S.Ct. 575, 79 L.Ed. 1082 (1935). Like the Supreme Court, we have statutory authority to provide such relief "as may be just under the circumstances." 28 U.S.C. § 2106. In this instance, we conclude that justice requires that we vacate the judgment of the district court and permit Nonnette to proceed with his § 1983 claims there. *Cf. Carr*, 167 F.3d at 1127 (indicating that a prisoner who was incarcerated at the time he filed his § 1983 action would not be subject to *Heck's* habeas requirement when he had been released after his suit was filed).[7]

### III

As the parties recognize, the validity of the dismissals of Nonnette's miscalculation claims depends upon the same *Heck* considerations that underlie our decision regarding the summary judgment on the disciplinary proceeding. We therefore vacate the dismissals of those claims as well, and include them in our remand for further proceedings.

### IV

Nonnette attempts to raise one additional matter in this appeal. He contends that his challenge to the imposition of 100 days administrative segregation was not subject to *Heck* in any event, because it does not contest the term of confinement but only the conditions of confinement. He asks us to join in the rule adopted by the large majority of the circuits that *Heck* does not apply to claims challenging only the conditions, and not the term, of confinement. *See Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir.1998); *Jenkins v. Haubert*, 179 F.3d 19, 27 (2d Cir.1999); *Leamer v. Fauver*, 288 F.3d 532, 543–44 (3d Cir.2002); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir.2000); *Brown v. Plaut*, 131 F.3d 163, 168 (D.C.Cir.1997); *contra Huey v. Stine*, 230 F.3d 226, 230 (6th Cir.2000).

The State contends that Nonnette waived this argument by not presenting it to the district court in opposition to the State's motion for summary judgment. Because we hold that *Heck* does not bar any of Nonnette's claims, we need not address the question whether Nonnette failed to establish an independent ground for precluding the application of *Heck* to the administrative segregation portion of his claim.

We agree with the State that Nonnette did not present a challenge to the *conditions* of his administrative segregation in the district court, either in his complaint or in any of his subsequent filings in the district court. He therefore made no attempt to establish that his administrative segregation "impose[d] atypical and significant hardship on[him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). His entire challenge to the administrative segregation was that it was imposed as a result of a disciplinary hearing in which the adverse finding was supported by no evidence. We have held that such a lack of fair hearing

---

**7.** We do not share the State's concern that our holding will encourage prisoners to delay their challenges to loss of good-time credits until their release is imminent or accomplished. The possibility of release from incarceration is the strongest incentive for prisoners to act promptly to challenge such administrative action by habeas corpus after administrative remedies are exhausted. We also emphasize that our holding affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters; the status of prisoners challenging their underlying convictions or sentences does not change upon release, because they continue to be able to petition for a writ of habeas corpus. *See Spencer*, 523 U.S. at 7–12, 118 S.Ct. 978.

violates due process, wholly apart from the conditions of confinement and without regard to the *Sandin* requirements. *Burnsworth v. Gunderson,* 179 F.3d 771, 775 (9th Cir.1999). Nonnette clearly has not waived this claim, and may pursue it on remand.

### Conclusion

The judgment of the district court dismissing Nonnette's first two claims and granting summary judgment against him on the third claim is vacated, and the matter is remanded to the district court for further proceedings.

**VACATED AND REMANDED.**