**Dyan JONES–HEIM, Plaintiff–Appellant,**

v.

**Constance REED; et al., Defendants–Appellees.**

No. 02–15233.

D.C. No. CV–99–05098–PJH.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided April 16, 2003.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Federal prisoner Dyan Jones–Heim appeals pro se the district court's order denying her motion for reconsideration pursuant to Fed.R.Civ.P. 60(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *Sch. Dist. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993), and we reverse and remand.

The district court denied the Rule 60(b) motion because Jones–Heim's claim that she lost good-time credits was barred under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), until she proved that her conviction or sentence had been invalidated. This court has since held that a section 1983 action may be maintained where a habeas petition would be dismissed as moot because a prisoner has completed his sentence. *See Nonnette v. Small,* 316 F.3d 872, 876 (9th Cir.2002) (citing *Spencer v. Kemna,* 523 U.S. 1, 18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). That is the situation here. Jones–Heim has been released from prison and any habeas action she files would be dismissed as moot. *Id.* The intervening decision in *Nonnette* therefore appears to justify reconsideration pursuant to Fed. R. Civ. P 60(b)(6).

**REVERSED and REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.