Ronald Eugene WILLIAMS,
Plaintiff—Appellant,

v.

CALIFORNIA DEPARTMENT
OF CORRECTIONS; et al.,
Defendants—Appellees.

No. 03–15213.

D.C. No. CV–02–02019–EJG(GGH).

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

Ronald Eugene Williams, Sacramento, CA, pro se.

Constance L. Picciano, Esq., Office of the California Attorney General, Depart-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ment of Justice, Sacramento, CA, for Defendants–Appellees.

Before LEAVY, THOMAS and FISHER, Circuit Judges.

## MEMORANDUM**

Former California state prisoner Ronald Williams appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that state officials violated his constitutional rights by incarcerating him for parole violations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals under 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we vacate and remand for further proceedings.

The district court dismissed Williams's action on grounds that it was barred under *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and the principles of abstention articulated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Because the record shows that Williams is no longer in prison, habeas relief may no longer be available to him. *See Spencer v. Kemna,* 523 U.S. 1, 18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). We therefore remand the action for consideration in light of our decision in *Nonnette v. Small,* 316 F.3d 872, 877, 878 n. 7 (9th Cir.2002) (holding that plaintiff could proceed with § 1983 action because habeas relief was no longer available). Moreover, because Williams alleged that the parole revocation challenged

in his state habeas petition arises from a different set facts than those asserted in his § 1983 complaint, we cannot say, based on this record, that his action is barred under the *Younger* abstention doctrine.

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this disposition.

VACATED and REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

