Richard Scott DOSS, Petitioner,

v.

James V. CROSBY, Jr., Respondent.

No. 404CV162RHWCS.

United States District Court,
N.D. Florida,
Tallahassee Division.

Feb. 21, 2005.

Richard Scott Doss, Stuart, FL, pro se.

Mark Jerry Hiers, Attorney General, Tallahassee, FL, for Respondents.

## ORDER DISMISSING PETITION AS MOOT

HINKLE, Chief Judge.

This matter is before the court on the Magistrate Judge's Report and Recommendation (document 19), to which no objections have been filed. The Report and Recommendation is correct and will be adopted as the opinion of the court, with this additional note: the conclusion that this petition is moot is correct regardless of whether petitioner's release removes the bar to any civil cause of action he might have, under 42 U.S.C. § 1983 or otherwise, for challenging the revocation of his gain time. *Compare Spencer v. Kemna,* 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (cited in Report and Recommendation) *with id.* at 19–20, 118 S.Ct. 978 (Souter, J., concurring). For this reason and those set forth in the Report and Recommendation,

IT IS ORDERED:

The Report and Recommendation is ACCEPTED and adopted as the opinion of the court. Respondent's motion to dismiss (document 15) is GRANTED. Petitioner's amended § 2254 petition (document 10) is DISMISSED as moot. The clerk shall enter judgment and close the file.

## REPORT AND RECOMMENDATION ON AMENDED § 2254 PETITION

SHERRILL, United States Magistrate Judge.

Pending is Petitioner Doss's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 10. Petitioner challenges prison disciplinary proceedings which resulted in the forfeiture of 140 days gain time, and the forfeiture of an additional 200 days gain time as the result of an audit in 2002. The disciplinary reports currently challenged [1] are for possession of

---

1. Petitioner has challenged other disciplinary proceedings by habeas corpus petition. *See*

4:03cv117–RH/WCS (relief denied with preju-

narcotics and bribery, committed at Dade Correctional Institution on July 19 and 20, 2002, respectively. Doc. 10, App. 1 and 2.

Respondent filed a motion to dismiss the petition as moot. Doc. 15. Respondent asserts that Petitioner was released October 12, 2004, on expiration of his sentence. Before the motion to dismiss was filed, Petitioner had filed a "notice of change of address and motion for entry of order that petition is not subject to mootness." Doc. 12. The motion was denied without prejudice. Doc. 13.

Petitioner filed a reply to the motion to dismiss, raising two arguments to support his contention that the petition is not moot. Doc. 18. He asserts that if the unlawfully forfeited gain time were to be restored, he could have started serving his probation (to which he was released on expiration of sentence) much sooner. *Id.*, p. 3. He also contends that the petition is not moot because he may not seek compensatory relief for false imprisonment until the disciplinary reports are overturned. *Id.*, pp. 1, 3.

Petitioner's first assertion is not persuasive. In the motion to dismiss, Respondent relies in part on the report and recommendation entered in *Woullard v. Moore,* Northern District of Florida Case Number 4:99cv112–RV. Doc. 15, Ex. C. According to exhibits provided by Respondent, Petitioner Doss was sentenced in Bay County on July 17, 1989, to 22 years imprisonment and 8 years of community control or probation, for offenses committed on May 2, 1986. Doc. 15, Ex. A (information from website of the Florida Department of Corrections). It therefore appears that this Petitioner, like Petitioner Woullard, received a probationary split sentence under Florida law. Doc. 15, Ex. C, pp. 2–3, n. 1. *See also Daniels v. State,*

870 So.2d 250, 253 (Fla. 2d DCA 2004) (distinguishing "probationary split sentence," which is a prison term followed by a term of probation, with a "true split sentence," which is a prison term with a portion of the term suspended, where defendant is placed on probation for the suspended portion) (citation omitted).

In *Woullard,* I found that a petition challenging the loss of gain time (based on allegedly false and retaliatory disciplinary reports) was mooted by expiration of the sentence, even though petitioner was released to the probationary portion of his split sentence. *Id.*, p. 5–8, *following United States v. Johnson,* 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000) (other citations omitted). That report and recommendation was adopted by Chief Judge Vinson.[2] *Johnson* addressed the issue of whether excess time unlawfully spent in federal prison (served there before the convictions on two counts were vacated and the overall sentence modified) should be credited to the supervised release term, and found the supervised release term remained unaltered. *Id.*, at 54, 120 S.Ct. at 1116. This was based on the language of 18 U.S.C. § 3624(e), which provided that a supervised release term would be "after imprisonment," to commence "on the day the person is released from imprisonment." *Id.*, at 57, 120 S.Ct. at 1117–18 (quoting the statute).

This court found the *Johnson* rationale applicable to the split sentence at issue in *Woullard* based on similarity in the statutory language. Doc. 15, Ex. C, p. 7. The Florida Statute authorizing a split sentence specifically states that the defendant may be placed on probation *"upon completion of any specified period of such*

---

dice) and 4:04cv238–MMP/AK (dismissed for failure to exhaust state remedies).

2. Document 38 in case number 4:99cv112–RV. The report and recommendation was adopted by Chief Judge Vinson on February 28, 2002. Doc. 40.

*sentence,*" and that the period of probation or community control "*shall commence immediately upon the release of the defendant from incarceration, whether by parole or gain-time allowances.*" *Id.,* quoting (with added emphasis) Fla. Stat. § 948.01(6). At the time of Petitioner Doss's offense and sentencing, the same relevant language was set forth in subsection (8) of the statute. § 948.01(8) (1989). The same statutory language applies here, and *Johnson* controls. Petitioner could not serve his probation and incarceration simultaneously. Doc. 15, Ex. C, pp. 7–8 (collecting Florida cases). Here, as in *Woullard,* even if Petitioner could prove that gain time was wrongfully forfeited, the court could not grant relief: "Under Florida law, gain time may be only applied to shorten the term of imprisonment and that term has expired." *Id.,* p. 8. The petition is therefore moot. *See also Spencer v. Kemna,* 523 U.S. 1, 8–14, 118 S.Ct. 978, 983–987, 140 L.Ed.2d 43 (1998) (claim of wrongful revocation of parole was mooted when entire prison term completed; the incarceration "is now over, and cannot be undone.").

Petitioner's other argument is unsupported. The Supreme Court has rejected the argument that a habeas petition is not moot because a 42 U.S.C. § 1983 action for damages would then be foreclosed under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Court reasoned: "That is a great non sequitur, unless one believes (as we do not) that a § 1983 action for damages must always and everywhere be available." *Spencer,* 523 U.S. at 17, 118 S.Ct. at 988. *See also Nonnette v. Small,* 316 F.3d 872, 876–878 (9th Cir.2002), *cert. denied,* 540 U.S. 1218, 124 S.Ct. 1503, 158 L.Ed.2d 152 (2004) (because no case or controversy remained for released inmate and habeas petition would be moot under *Spencer, Heck* did not bar § 1983 suit) (citations and footnote omitted).

It is therefore **RECOMMENDED** that Respondent's motion to dismiss (doc. 15) be **GRANTED**, and the amended § 2254 petition (doc. 10) be **DISMISSED AS MOOT**.

Jan. 13, 2005.