Amy PRIEN, Plaintiff—Appellant,

v.

Grover TRASK; Randall Tagami; Ron E. Coffee; Kevin Ruddy; Allison Nelson; Bob Doyle; Charles Wilhite; John Wyatt; Bryan Appelhoff; Wy-land Peak; Lee Coffey; Bill Davies; Michele Donna Levine; Joseph I. Cohen, Larry Smith, Defendants—Appellees.

No. 03–57139.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2005.

Decided April 18, 2005.

Stephen Yagman, Esq., Yagman & Yagman & Reichmann & Bloomfield, Venice Beach, CA, for Plaintiff—Appellant.

Peter J. Ferguson, Esq., Ferguson, Praet & Sherman, Santa Ana, CA, for Defendants–Appellees.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM *

 Amy Prien, a California state prisoner, brought a 42 U.S.C. § 1983 damages action alleging Fourth, Sixth, and Fourteenth Amendment violations by various prosecutor and law enforcement defendants. Concluding that Prien's suit was barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the district court dismissed the claim as to two defendants under Federal Rule of Civil Procedure 12(b)(6) and as to others on summary judgment.[1] Prien appeals these decisions, and we affirm.

Prien's allegations arose from the defendants' investigation into the death of Jacob Smith. Prien was charged with murder, two misdemeanor controlled substances offenses, and child endangerment in connec-

tion with the Smith case. The first criminal case against Prien was dismissed on April 28, 2003, when the prosecution announced that they were not ready to proceed to trial. A felony complaint in a second criminal case was filed the same day. The complaint in the second criminal case charged Prien with nine counts—all four counts previously charged in the first criminal case, plus three new child endangerment counts and two new misdemeanor controlled substances counts. A jury convicted Prien of all charges in the second criminal case.

Prien filed this § 1983 action on April 29, 2003, the day after criminal charges were refiled. In her complaint, Prien alleges that in the course of their criminal investigation, up to and including April 28, 2003, all defendants participated in the following actions: framing her for the murder of Jacob Smith; procuring materially false information during the investigation; depriving her of her right under California law to a speedy trial; and initiating and maintaining a baseless criminal prosecution against her. She also alleges that the law enforcement defendants falsely arrested her on April 2, 2003, and deprived her of her Sixth Amendment right to counsel. Prien further claims that up to and including April 28, 2003, defendant Michele Donna Levine knowingly threatened and suborned a witness to provide false evidence against her.

We review de novo a district court's Rule 12(b)(6) dismissal for failure to state a claim and may affirm the dismissal on any ground supported by the record. *Ove v. Gwinn,* 264 F.3d 817, 821 (9th Cir.1997).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The district court also dismissed the action against another defendant for lack of prosecu-

tion. Because Prien did not challenge this dismissal in her brief to this court, we consider this claim waived. *See Carson Harbor Village, Ltd. v. City of Carson,* 353 F.3d 824, 825 n. 2 (9th Cir.2004).

We also review de novo a district court's grant of summary judgment. *Nonnette v. Small,* 316 F.3d 872, 874 (9th Cir.2002).

In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487, 114 S.Ct. 2364. Prien argues that *Heck* does not bar her § 1983 action because "[t]here was no outstanding conviction or charge in this case when the section 1983 action was filed." This argument is unavailing for two reasons. First, Prien's argument misstates the facts. There was an outstanding charge because Prien's § 1983 action was filed the day after criminal charges were refiled.

Second, *Heck* applies to pending charges as well as to outstanding convictions. *Harvey v. Waldron,* 210 F.3d 1008, 1014 (9th Cir.2000). In *Harvey,* we held that "*Heck* applies to pending criminal charges, and that a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist." *Id.* The applicability of *Heck* thus depends not on the disposition of a particular criminal *case* but rather on the favorable termination of a pending criminal *prosecution.* Because the constitutional violations Prien alleges would necessarily imply the invalidity of her conviction in the second criminal case, which was part of the same prosecution as the first criminal case, *Heck* bars Prien's action.

Prien also argues that our decision in *Genzler v. Longanbach,* 384 F.3d 1092 (9th Cir.2004), compels summary reversal. We disagree. In *Genzler,* the plaintiff sought damages for the use of allegedly perjured evidence in his first trial. Because this evidence was not used at Genzler's retrial, we noted that the success of his § 1983 action would not necessarily imply the invalidity of his conviction after the second trial. *Id.* at 1096 n. 1.

The district court's decisions are AFFIRMED. Plaintiff's motion for summary reversal is DENIED.