Shawn G. **BAUTISTA**, Plaintiff—Appellant,

v.

Edward S. **ALAMEIDA**, Jr., Director of CDC; et al., Defendants—Appellees.

No. 05–15800.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Shawn G. Bautista, San Jose, CA, pro se.

** This disposition is not appropriate for publication and may not be cited to or by the

Before: FERNÀNDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM**

Shawn G. Bautista appeals pro se the district court's judgment dismissing for failure to state a claim his 42 U.S.C. § 1983 action alleging defendants violated his due process rights during parole revocation proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal pursuant to 28 U.S.C. § 1915A, *Ramirez v. Galaza,* 334 F.3d 850, 853–54 (9th Cir.2003), and we vacate and remand.

Bautista's complaint and opening brief to this court appear to state he was released from incarceration upon the expiration of his parole. The district court should reconsider whether *Heck* bars Bautista's action in light of this information. *See Nonnette v. Small,* 316 F.3d 872, 877–78 & n. 7 (9th Cir.2002) (holding a former prisoner challenging loss of good-time credits or parole revocation could proceed with a section 1983 action because habeas relief was no longer available). Moreover, it is not clear from the complaint that all parole board defendants are entitled to absolute immunity. *See Swift v. California,* 384 F.3d 1184, 1191 (9th Cir.2004).

It also appears that Bautista's complaint may state a claim that he was improperly detained past the maximum termination date of his sentence. *See Haygood v. Younger,* 769 F.2d 1350, 1354–58 (9th Cir.1985) (en banc).

courts of this circuit except as provided by 9th Cir. R. 36–3.

In light of the facts presented in the complaint at this early stage of litigation, we remand to the district court for further proceedings. *See, e.g., Lopez v. Smith,* 203 F.3d 1122, 1130–31 (9th Cir.2000) (en banc) (noting the general rule that leave to amend should be granted if there appears to be any possibility plaintiff can correct pleading defects is "particularly important to the pro se litigant").

**VACATED and REMANDED**