Frank **PRATER**, Petitioner–Appellant,

v.

Robert **LAMPERT**, Respondent–Appellee.

No. 06–35473.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 26, 2007 *.

Filed Oct. 4, 2007.

Steven T. Wax, FPD, Kristina Hellman, Esq., FPDOR—Federal Public Defender's

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office, Portland, OR, for Petitioner–Appellant.

Carolyn Alexander, Esq., Attorney General Office of Oregon, Salem, OR, for Respondent–Appellee.

Before: SCHROEDER, Chief Judge, SILVERMAN and BYBEE, Circuit Judges.

### MEMORANDUM **

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Frank Prater appeals the district court's dismissal of his petition for habeas corpus brought under 28 U.S.C. § 2254. Petitioner challenges a determination by the Oregon Board of Parole and Post–Prison Supervision denying him rerelease on parole and imposing a 79–month sanction for violation of parole terms. The district court found that Petitioner had procedurally defaulted on his federal claims by failing to raise them on appeal in his state habeas petition. On December 23, 2005, approximately one month prior to the district court's entry of judgment on January 30, 2006, 2006 WL 240534, Petitioner was released on parole.[1] Petitioner remains subject to the jurisdiction of the Board, and the maximum expiration date of his remaining sentence is January 1, 2011.

We conclude that Prater's appeal became moot prior to the district court's entry of judgment. The "case or controversy" requirement of Article III, § 2 "'subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a "personal stake in the outcome" of the lawsuit.'" *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)). Throughout the litigation, "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant" and able "to be redressed by a favorable judicial decision." *Id.* (internal quotation marks omitted). In cases where a parolee challenges the validity of his incarceration, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* Because Prater's challenge is to the imposition of a parole sanction, as opposed to the validity of his original conviction, the burden is on Prater to demonstrate such consequences. *Id.* at 10–11, 14, 118 S.Ct. 978.

Petitioner argues that he has suffered injury in the form of the extended period of time he spent in prison due to the Board's allegedly unconstitutional application of Oregon law. He suggests this injury is redressable because the court could shorten his parole term by the additional amount of time he spent in custody. This argument is unavailing. Under Oregon law, Prater's underlying conviction determines the maximum duration of his sen-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The record creates ambiguity as to the timeline. Respondent's brief states in two different places that Petitioner was released *after* the district court issued its judgment. *[See* Red Br. 1, 5.] However, upon reviewing the record, it appears that petitioner was released *before* the district court issued judgment. The "Institution Division Facesheet" of July 15, 2003 shows "Parole ·Release: 12/23/2005." [ER 1.] The Opinion and Order of the district court is dated January 30, 2006. [ER 106.]

tence, and his ultimate sentence termination date is not dependent on whether he was held in prison as a parole sanction. *See Burnett v. Lampert,* 432 F.3d 996, 997–1000 (9th Cir.2005); *Barnes v. Thompson,* 159 Or.App. 383, 977 P.2d 431, 432 (1999). Therefore, Prater has shown no injury which this court may redress.[2] *Burnett,* 432 F.3d at 1000–01.

Petitioner's appeal became moot on the day he was rereleased on parole, approximately one month before the district court's entry of judgment. Therefore, we **VACATE** the judgment of the district court and **REMAND** with instructions to **DISMISS** the petition.

---

2. Prater may have other remedies available. *See Burnett,* 432 F.3d at 999 & n. 4; *Nonnette v. Small,* 316 F.3d 872, 876 (9th Cir.2002) (holding that an inmate whose habeas petition would be dismissed for mootness because he had been paroled was not barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), from bringing an action for damages under 42 U.S.C. § 1983).

\*\* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.