**Mebrhato TSEHAI, Plaintiff–Appellant,**

v.

**Teresa A. SCHWARTZ;  et al.,
Defendants–Appellees.**

No. 07–15643.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 9, 2009.

Mebrhato Tsehai, Eloy, AZ, pro se.

Appeal from the United States District Court for the Eastern District of California;  Garland E. Burrell, Chief Judge, Presiding.   D.C.   No.   CV–05–01953–GEB/PAN.

Before: WALLACE, TROTT and RYMER, Circuit Judges.

MEMORANDUM **

Mebrhato Tsehai, a former California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action challenging his administrative segregation on the ground that it was barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).   We have jurisdiction pursuant to 28 U.S.C. § 1291.   We review de novo a district court's dismissal pursuant to 28 U.S.C. § 1915A.   *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000).   We may affirm on any ground supported by the record, *see Shanks v. Dressel,* 540 F.3d 1082, 1086 (9th Cir.2008), and we affirm.

This action may not be *Heck*-barred because Tsehai is no longer in custody.   *See Tsehai v. Schwartz,* No. 06–1521, 2007 WL 1544745, at *1 (E.D.Cal. May 25, 2007); *see also Nonnette v. Small,* 316 F.3d 872, 875–77 (9th Cir.2002) (holding that a former prisoner's section 1983 action was not barred by *Heck* where habeas relief was no longer available).   Nevertheless, we affirm the district court's dismissal on the alternative ground that Tsehai's complaint failed to state a claim and amendment would have been futile.   *See Sandin v.*

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that a due process violation can only occur where the sentence is exceeded in an unexpected manner or where an atypical and significant hardship is imposed); *see also Ove v. Gwinn*, 264 F.3d 817, 822–25 (9th Cir.2001) (holding that action was not *Heck*-barred but affirming dismissal without prejudice on alternative ground of failure to state a claim).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.