**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN BONNEAU, | No. 11-35807 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-00653-PK |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Federal prisoner Ryan Bonneau appeals pro se from the district court's

judgment on his 28 U.S.C. § 2241 habeas petition.  We vacate and remand with

instructions to dismiss for lack of jurisdiction.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bonneau's petition challenges the Bureau of Prisons' ("BOP") calculation of good time credits for sentences he has already served. In particular, he argues the BOP should have aggregated two of his earlier sentences and awarded him an additional 52 days of good time credit. Bonneau also argues that he is entitled to 53 days of good time credit because, while he was serving an earlier sentence, the BOP transferred him out of a Residential Drug Treatment Program in violation of his due process rights.

The record reflects that Bonneau had fully served the custodial portion of the sentences he is attacking at the time he filed his habeas petition, and that his current incarceration arises from a new conviction and violations of supervised release. Therefore, the district court could not grant him any effective relief and it should have dismissed his petition for lack of a case or controversy. *See Burnett v. Lampert*, 432 F.3d 996, 999-1000 (9th Cir. 2005); *Nonnette v. Small*, 316 F.3d 872, 875-76 (9th Cir. 2002). We vacate the district court's judgment and remand with instructions to dismiss for lack of jurisdiction.

**VACATED and REMANDED.**