NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DUKE MONROE RICHARDSON, Jr., | No. 14-16203 |
| Plaintiff - Appellant, | D.C. No. 1:14-cv-00031-SKO |
| v. | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted March 10, 2015[***]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Duke Monroe Richardson, Jr., appeals pro se from the district court's

judgment in his 42 U.S.C. § 1983 action alleging constitutional violations in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Richardson consented to proceed before a magistrate judge.   *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

connection with prison disciplinary proceedings.   We have jurisdiction under 28 U.S.C. § 1291.   We review de novo.   *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A).   We vacate in part and remand.

On appeal, Richardson challenges only the dismissal of his Fourteenth Amendment due process claim as *Heck*-barred.   It appears that Richardson's claim includes a challenge to an unconstitutional procedure – namely, the denial of an investigator – and is based in part on an alleged failure to issue Rules Violation Reports to other inmates involved in the incident underlying Richardson's disciplinary proceedings and, therefore, is not *Heck*-barred.   *See Nonnette v. Small*, 316 F.3d 872, 875 n.3 (9th Cir. 2002) ("A prisoner who seeks damages only for being subjected to unconstitutional procedures, without implying the invalidity of (or seeking damages for) the resulting loss of good-time credits, may proceed under § 1983 without first invalidating his disciplinary proceeding."); *see also Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) ("*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the

duration of his sentence."). As to the remainder of Richardson's claim, the district court correctly held that it was *Heck*-barred, but it appears that Richardson has since been released from custody, and *Heck* might no longer apply. *See Nonnette*, 316 F.3d at 875-77 (a § 1983 action for damages can be maintained, even though success in that action would imply the invalidity of the disciplinary proceedings that caused revocation of a prisoner's good-time credits, where, after the district court had dismissed the action under Heck, the prisoner was released from incarceration and on parole). We therefore vacate the dismissal of Richardson's due process claim only and remand so that the district court may review in the first instance the matters raised herein.

**VACATED in part and REMANDED.**