**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALBERTO GUILLEN,

               Plaintiff-Appellant,

  v.

JOHNSON, Mr.; CANNON, Mr.,

               Defendants-Appellees,

 and

PETER BLUDWORTH,

               Defendant.

No.   23-35256

D.C. No.
4:22-cv-00019-BMM-JTJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted November 27, 2024[**]

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Alberto Guillen appeals the district court's judgment in favor of the defendants in his prisoner civil rights action. We review the grant of summary judgment and dismissal of claims for failure to state a claim de novo. *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002). We affirm.

Contrary to plaintiff's argument, the district court dismissed the due process and equal protection claims with leave to amend. Plaintiff abandoned the claims by not repleading them in the amended complaint. *First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017).

Summary judgment was proper on the unexhausted religious accommodation claims because plaintiff failed to establish that the grievance procedure was "effectively unavailable to him." *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (setting forth the standard). Neither plaintiff's initial inability to obtain the Religious Practice Authorization Request Form nor Defendant Cannon's inability to provide information about the grievance process at the informal grievance stage had any impact on plaintiff's ability to pursue his grievances. As soon as Defendant Cannon provided the form, plaintiff submitted it to the chaplain, who responded. No grievance was denied because plaintiff had not submitted the form to the chaplain. After Defendant Cannon was unable to answer plaintiff's questions at the informal grievance stage, plaintiff filed a timely formal

grievance.  Because neither incident made the grievance process "effectively unavailable" to plaintiff, summary judgment was proper for the defendants.

**AFFIRMED.**