**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

STEVEN ANDERSON,

        Plaintiff-Appellant,

  v.

IDOC POLICY ADMINISTRATION
BOARD MEMBERS; et al.,

        Defendants-Appellees.

No. 22-35987

D.C. No. 1:22-cv-00259-DCN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted December 4, 2024
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Plaintiff Steven Anderson appeals the district court's dismissal of his

Amended Complaint, which challenges the constitutionality of one of his parole

conditions under 42 U.S.C. § 1983. The Amended Complaint requests three forms

of relief: declaratory relief, injunctive relief, and damages. The district court

dismissed Plaintiff's § 1983 action as barred by *Heck v. Humphrey*, 512 U.S. 477,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

487 (1994), reasoning that a successful challenge "would necessarily imply the invalidity" of Plaintiff's parole revocation and the period of incarceration that he was serving at the time. "We review the dismissal of a complaint as *Heck*-barred *de novo*." *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.[1]

We affirm the dismissal of Plaintiff's claim for damages. Plaintiff has forfeited any challenge to the dismissal of this claim. *See Planet Aid, Inc. v. Reveal*, 44 F.4th 918, 923 n.2 (9th Cir. 2022) (appellants forfeited issue not "specifically and distinctly" argued in their opening brief). On appeal, Plaintiff argues the Amended Complaint "seeks only prospective declaratory and injunctive relief"—not damages.

We vacate the dismissal of Plaintiff's claims for prospective declaratory and injunctive relief. As Defendants conceded during oral argument, regardless of whether Plaintiff's prospective relief claims were *Heck*-barred while he was incarcerated, they are not currently *Heck*-barred because Plaintiff has been released on parole again. *See Nonnette v. Small*, 316 F.3d 872, 877-78 (9th Cir. 2002) (vacating and remanding *Heck* dismissal when plaintiff was released from prison while his appeal was pending); *Thornton v. Brown*, 757 F.3d 834, 845-46 (9th Cir.

---

[1] We grant Plaintiff's request at Dkt. 31 for judicial notice of four documents created by the Idaho Commission of Pardons and Parole. *See* Fed. R. Evid. 201(b)(2); *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).

2013) ("[A] state parolee may challenge a condition of parole under § 1983 if his or her claim, if successful, would neither result in speedier release from parole nor imply, either directly or indirectly, the invalidity of the criminal judgments underlying that parole term."); *see also Martin v. City of Boise*, 920 F.3d 584, 614-15 (9th Cir. 2019), *abrogated on other grounds by City of Grants Pass v. Johnson*, 144 S. Ct. 2202 (2024). Further, Plaintiff's prospective relief claims are not moot because he is still subject to the challenged parole condition.[2] We therefore vacate the judgment dismissing Plaintiff's declaratory and injunctive relief claims and remand for the district court to consider the merits of these claims under § 1983.

**AFFIRMED in part, VACATED in part, and REMANDED.**

The parties shall bear their own costs on appeal.

---

[2] Because we do not need to decide whether Plaintiff's prospective relief claims were *Heck*-barred during his prior incarceration, we express no views on the issue.