NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HILBERT THOMAS,

Plaintiff - Appellant,

v.

R. PASHILK, Peace Officer, Pernr
#105458; OAK SMITH, Warden; E.
SANDERS, Captain; E. PATAO,
Captain; R. FESTON, Lieutenant; D.
CAMPBELL, Lieutenant,

Defendants - Appellees.

No. 24-298

D.C. No.
3:22-cv-01778-JSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, District Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

California state prisoner Hilbert Thomas appeals pro se from the district

court's summary judgment order in this prisoner civil rights action under 42 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1983. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002), and affirm.

Thomas alleged that the defendants violated his First Amendment rights when Officer Pashilk opened mail marked "legal mail" outside of Thomas's presence. Although prisoners have "a protected First Amendment interest in having properly marked legal mail opened only in their presence," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017), it is undisputed that the mail in question was not protected legal mail but instead methamphetamine that Thomas was attempting to smuggle into the prison through the mail system. Accordingly, the district court properly granted summary judgment to the defendants on Thomas's First Amendment claim. *See id.* (affirming dismissal of claim where prisoner failed to allege that item opened outside of his presence was protected legal mail). Thomas does not challenge the district court's grant of summary judgment on his remaining claims, and we therefore do not consider those claims in this appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Contrary to Thomas's contention, the district court's grant of a two-day extension of time for defendants to file their reply brief does not demonstrate impermissible bias. *See Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984) ("Unfavorable rulings alone are legally insufficient to require recusal.").

**AFFIRMED.**