NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID A. DIAZ,

Plaintiff - Appellant,

v.

MICHEL REY MOORE, RICHARD
ALARCON; RICHARD ALATORRE;
LAURA CHICK; RUTH GALANTER;
MIKE HERNANDEZ; MARK RIDLEY
THOMAS; JOEL WACHS; MICHAEL
WOO; ZEV YAROLSLAVSKY; GERALD
CHALEFF; ROCHELLE DE LA ROCHA;
DEIRDRE HUGHES HILL; DEAN
HANSELL; THEODORE WARREN
JACKSON; ENRIQUE HERNANDEZ;
BARBARA LINDEMANN; REVA
TOOLEY; MICHAEL YAMAKI;
STEPHEN YSLAS; WILLIAM
EAGLESON; JUAN PARGA; JOSE
RAMIREZ; ARMANDO RODRIGUEZ;
DOES,

Defendants - Appellees.

No. 24-2512

D.C. No.
2:23-cv-10018-SPG-RAO

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted April 6, 2026<sup>**</sup>

Before: CLIFTON, BADE, and COLLINS, Circuit Judges.

David A. Diaz appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 action as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under *Heck*. *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007). We affirm the district court on two independent grounds.

1. The district court properly dismissed the action because a judgment in Diaz's favor in this damages action would necessarily imply the invalidity of his 1999 conviction, and Diaz has not demonstrated that his conviction has already been invalidated. *See Heck*, 512 U.S. at 487 ("[If] a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); *see also Olivier v. City of Brandon, Miss.*, 607 U.S. __, 2026 WL 783725, at *7 (Mar. 20, 2026) (clarifying that the *Heck* bar applies only when the suit seeks retrospective relief, such as damages). Diaz's claim that members of the Los Angeles Police Department conspired to obtain his false conviction is incompatible with the

---

<sup>**</sup> The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

24-2512

validity of that conviction. *See Guererro v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding that a plaintiff's claims of "[w]rongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges" necessarily implied the invalidity of his prior conviction).

Diaz argues that his claims are not barred by *Heck* because he received a commutation order from the Governor of California which allegedly invalidated his conviction. Diaz is mistaken. The commutation order did not pardon Diaz or expunge his record, it merely granted him the opportunity to seek early parole. *See Dilbert v. Newsom*, 319 Cal. Rptr. 3d 907, 913 (Ct. App. 2024) (stating that "[c]ommutation is a reduction in punishment," in contrast to a "pardon," which "is the remission of guilt" (citation omitted)). Because Diaz's conviction remains valid, *Heck* bars him from bringing a collateral challenge to it.

Diaz also claims that he falls within an exception to *Heck* created by *Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002), because he has been "released from penal custody" and can "no longer obtain habeas relief." *Nonnette*'s exception is inapplicable here.

The *Nonnette* exception stemmed from the Court's recognition that a petition for habeas corpus would be moot and therefore unavailable to a plaintiff who wished to challenge his loss of good-time credits but had already completed his period of incarceration. *See Nonnette*, 316 F.3d at 875–76. Thus, "*Nonnette*'s

relief from *Heck* 'affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters,'" *Guerrero*, 442 F.3d at 705 (quoting *id*. at 878 n.7), but does not extend to challenges to an underlying conviction, where habeas corpus remains available even after a prisoner has completed his sentence, *see Nonnette*, 316 F.3d at 876.

The *Nonnette* exception is inapplicable to Diaz, as Diaz challenges the validity of his conviction itself. Moreover, Diaz was not barred from pursuing that challenge through habeas corpus following his release on parole. *See People v. Wagner*, 206 Cal. Rptr. 456, 460 (Ct. App. 2016) ("[P]arole is itself a form of custody that will support postjudgment habeas corpus relief.").

2.      The doctrine of res judicata, or claim preclusion, also bars Diaz's instant suit. "Res judicata applies when [an] earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys*., 430 F.3d 985, 987 (9th Cir. 2005) (internal quotation omitted). Although Diaz's 2001 suit was brought under the RICO statute rather than § 1983, that suit "ar[o]se out of the same transactional nucleus of facts" as this case, and this consideration is sufficient here to establish that "the two suits involve the same claim or cause of action." *Id*. at 988. Because Diaz's 2001 suit thus asserted the same claims against the same defendants that he raises here, and Diaz received a

final judgment on the merits when the district court dismissed the case with prejudice, res judicata applies.[1] Diaz is therefore barred from relitigating those claims.

**AFFIRMED.**

---

[1] Defendants' motion for judicial notice (Dkt. 26) is granted. *See* Fed. R. Evid. 201(b)(2), (c)(2).