[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14848
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00113-CV-FTM-32-DNF

JOHN ANTHONY VICKERS,

Plaintiff-Appellant,

versus

ROBIN M. DONAHUE, individually,
JOCK FELT, individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 28, 2005)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

John Anthony Vickers, proceeding pro se, appeals the district court's grant of summary judgment to the defendants on his pro se 42 U.S.C. § 1983 action alleging, inter alia, Fourth, Eighth,  and Fourteenth Amendment violations for malicious and false arrest.  Vickers argues that the district court erred by finding that his claim alleging malicious and false arrest would necessarily invalidate a conviction that had not been reversed or declared invalid and, therefore, barred under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). For the reasons set forth more fully below, we affirm.

Vickers's complaint alleged that, on August 18, 1998, Robin M. Donahue, a Florida Department of Corrections ("DOC") Community Control Officer, despite knowing that Vickers was at work during the relevant times, submitted a probable cause affidavit in which she falsely indicated that Vickers had failed to remain confined to his residence at 9:30 a.m. and again at 1:30 p.m., an alleged violation of the terms of Vickers's community control (Count 1).[1] On August 24, 1998, Donahue allegedly filed another probable cause affidavit, indicating "without proof" that Vickers had failed to appear in court.  According to Vickers, he was ordered to serve a 90-day sentence for violation of community control, was never prosecuted, and the warrant was dismissed (Count 2).

---

[1] The affidavit and warrant in question list 11:30 a.m., not 9:30 a.m.

Vickers further alleged that defendant Jock Felt, a DOC Probation Officer Supervisor issued a factually insufficient affidavit for probable cause to have Vickers falsely arrested, although Vickers does not state for what violation, causing Vickers to miss a court appearance (Count 3). Vickers sued both defendants in their individual capacities and sought $1,000,000 in compensatory damages and unnamed punitive damages, claiming violations of the Fourteenth and Eighth Amendments (Count 4).[2]

Regarding the court's resolution of the claim relevant to appeal, as to Count 1 (Donahue knowingly provided false information in an affidavit to secure an arrest warrant), the district court found that (1) Vickers was no longer in custody, had never successfully pursued any relief from his conviction and sentence for violating his community control, and the time had passed in which to challenge his convictions forming the basis of his present civil claims; (2) despite the unavailability of habeas relief, Vickers's claims were still subject to the strict rule of Heck, requiring that Vickers prove that his conviction or sentence has been

---

[2] The court found that Felt was entitled to summary judgment and, therefore, dismissed that defendant from the case. Furthermore, the only issue raised by Vickers in his brief relates to the district court's disposition of Count 1. We find that the district court accurately set out the procedural posture and factual basis for Vickers's claim in Count 1 and, therefore, adopt the facts as set out in the district court's order granting summary judgment. Any argument regarding the dismissal of Counts 2-4 are deemed abandoned because Vickers does not argue against the dismissal of those counts on appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

3

reversed, expunged, or otherwise declared invalid before seeking damages under § 1983; and (3) if Vickers were successful under Count 1, it would imply the invalidity of the order revoking his community control and the resulting nine-month sentence and, therefore, the claim was barred under Heck. The court explicitly noted that Vickers, despite having the opportunity to do so, failed to file any appeal of the order revoking his community control. Thus, summary judgment was granted to the defendants.

On appeal, Vickers argues that the district court erred by finding that Heck barred his § 1983 claim because he was unlawfully arrested in violation of the Fourth Amendment, a claim that is excepted from Heck because it does not imply the invalidation of his conviction following the illegal arrest. Citing various cases from other circuits, he argues that his claim of improper arrest is separate from the validity of his underlying conviction, which he does not challenge and, therefore, the district court should not have granted summary judgment on the basis of Heck.

We review de novo the district court's grant of summary judgment. Burton v. Tampa Housing Authority, 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to

4

judgment as a matter of law. Fed.R.Civ.P. 56; <u>Celotex v. Catrett</u>, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The essence of Vickers's complaint in Count 1 is that Donahue, despite knowing that Vickers was at work at 11:30 a.m. and 1:30 p.m. on August 18, 1998, filed a false affidavit stating that Vickers was in violation of condition 12 of his community control because he was not at his place of detention (his home) at those particular times. However, the amended affidavit and warrant issued for Vickers's arrest, marked as Docket No. 97-1815, indicates that Vickers twice violated condition 12 (failing to remain confined to his approved residence during required hours) on August 18, 1998, once at 11:30 a.m., and once at 1:30 p.m. On October 29, 1998, a judge entered an order in Case No. 97-1815 finding two violations of condition 12 of Vickers's community control and, therefore, revoked Vickers's community control and ordered that Vickers serve nine months' imprisonment in county jail. Thus, there is a question as to whether Vickers is permitted to seek damages in a § 1983 action at all.

As the United States Supreme Court has held:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

5

called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

As a preliminary matter, it is undisputed that Vickers would be unable to pursue a federal habeas petition because he is no longer in custody. The district court, thus, addressed whether Vickers might fit an exception to Heck because he had no way to seek a reversal or other invalidation of his conviction. The court felt compelled to address this issue because, as we have noted, the Supreme Court's decision in Spencer v. Kemna, 523 U.S 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) called into doubt the applicability of Heck in certain circumstances:

> [I]n [Justice Souter's] concurring opinion in Spencer, joined by Justices O'Connor, Ginsburg, and Breyer, he explained that Heck should be read as permitting a prisoner to "bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy" because a habeas claim would be unavailable under the circumstances, for instance, to a prisoner who was released while his or her petition was pending. Id. at 21, 118 S.Ct. at 990. Otherwise, Heck would

6

"deny any federal forum for claiming a deprivation of federal rights to those who cannot first obtain a favorable state ruling." Heck, 512 U.S. at 500, 114 S.Ct. at 2379 (Souter, J., concurring). In her separate concurring opinion, Justice Ginsburg indicated that she had come to agree with Justice Souter's reasoning: "Individuals without recourse to the habeas statute because they are not 'in custody' . . . fit within § 1983's 'broad reach.'" Spencer, 523 U.S. at 21, 118 S.Ct. at 990. In his dissent, Justice Stevens added that, "[g]iven the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear . . . that he may bring an action under 42 U.S.C. § 1983." Id. at 25 n. 8, 118 S.Ct. at 992 n. 8. Thus, "five justices hold the view that, where federal habeas corpus is not available to address constitutional wrongs, § 1983 must be." Jenkins v. Haubert, 179 F.3d 19, 26 (2d Cir.1999).

Harden v. Pataki, 320 F.3d 1289, 1298 (11th Cir. 2003).

In Harden, we held that "because federal habeas corpus is not available to a person extradited in violation of his or her federally protected rights, even where the extradition itself was illegal, § 1983 must be [available]. If it were not, a claim for relief brought by a person already extradited would be placed beyond the scope of § 1983, when exactly the same claim could be redressed if brought by a person to be, but not yet, extradited." Id. at 1299. However, in Harden we distinguished between claims under § 1983 that attacked purely procedural issues and those claims that implied the invalidity of a conviction, and found that the plaintiff's claim challenging the validity of the procedures used to extradite him could in no way imply the invalidity of the underlying conviction. Id. at 1295-96. Thus, our decision turned on our holding that "extradition procedures, even if they violate

7

federal rights, have no bearing, direct or implied, on the underlying guilt or innocence of the person extradited." Id. at 1297.

The district court noted that a few circuits have permitted § 1983 claims to proceed where the plaintiff could not bring a federal habeas petition claim because that plaintiff was either no longer in custody or no case or controversy existed, rendering any possible habeas petition moot. See e.g., Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002) (finding that plaintiff's challenge to the validity of prison disciplinary proceedings that resulted in revocation of his good-time credits could proceed under § 1983 despite the fact that success on the merits would undermine the validity of those proceedings because any petition for habeas relief would be dismissed for lack of a case or controversy); Huang v. Johnson, 251 F.3d 65, 75 (2d Cir. 2001) (finding that plaintiff's challenge to the denial of credit for time served and claim for false imprisonment could proceed under § 1983 because she did not challenge the validity of the conviction and habeas relief was not available); see also Carr v. O'Leary, 167 F.3d 1124, 1127 (7th Cir. 1999) (noting that, because plaintiff had no habeas relief available to him, his § 1983 claim alleging an improper prison disciplinary sanction would not be barred under Heck, but finding that the government had waived its right to raise a Heck defense).

In contrast, two circuits have concluded that Heck applies to all plaintiffs,

8

even those who cannot seek habeas relief. The logic is as follows:

> We are mindful that dicta from concurring and dissenting opinions in a recently decided case, Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), may cast doubt upon the universality of Heck's "favorable termination" requirement. See id. at 19-21, 118 S.Ct. at 989 (Souter, J., concurring); id. at 21-23, 118 S.Ct. at 990 (Ginsberg, J., concurring); id. at 25 n.8, 118 S.Ct. at 992 n.8 (Stevens, J., dissenting). The Court, however, has admonished the lower federal courts to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and to leave to the Court "the prerogative of overruling its own decisions." Agostini v. Felton, 521 U.S. 203, 237, 117 S.Ct. 1997, 2017, 138 L.Ed.2d 391 (1997); see also Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989). We obey this admonition.

Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000) citing Figueroa v. Rivera, 147 F.3d 77, 81 n.3 (1st Cir.1998).

While we have not explicitly ruled on whether a plaintiff who has no federal habeas remedy available to him may proceed under § 1983 despite the fact that success on the merits would undermine the validity of, in this case, an order of revocation and the resulting nine month sentence, we decline to do so here because it is unnecessary to the outcome of Vickers's case.

First, as the district court pointed out, Vickers was not without a remedy to seek post-revocation relief. He could have appealed the revocation order and, had he prevailed, his § 1983 claims would not be barred by Heck. Second, unlike in Harden, Vickers's claim here would imply the invalidity of the order of revocation

9

and nine-month sentence he received. The factual basis for his claim is that the probation officer intentionally used false information in her affidavit that subsequently caused a warrant to issue because, <u>inter alia</u>, Vickers had violated condition 12 of his community control on two separate occasions on August 18, 1998. However, the order of revocation, referencing the same case number as the warrant (97-1815), explicitly states that, <u>inter alia</u>, Vickers twice violated condition 12 of his community control. Therefore, Vickers's claim, if successful, would completely invalidate two of the grounds for which his community control was revoked in the first place without first having had a "favorable termination" as required under <u>Heck</u>. This is factually different from the outcome in <u>Harden</u> because here, the relief being sought is not merely procedural, but goes directly to Vickers's factual innocence of the community control violation that landed him in county jail.

Finally, the three cases cited above that permitted a plaintiff to pursue a § 1983 claim because no habeas relief was available did not involve a situation where a conviction itself was called into question. In <u>Nonnette</u> and <u>Carr</u>, the issue was the validity of prison disciplinary proceedings revoking good-time credits, and in <u>Huang</u> the issue was the denial of credit for prison time served and the conviction was not challenged. <u>See</u> <u>supra</u>. Like in <u>Harden</u>, none of the cases

10

permitting a § 1983 claim to proceed involved a claim that would necessarily imply the invalidity of a conviction.

Here, Vickers's factual basis for his § 1983 claim directly undercuts a signed court order, which found that Vickers had violated his community control for two violations of condition 12. As the district court noted, Vickers insists he did not plead guilty or nolo contendere to these violations, but even taking his assertion as true, the undisputed fact remains that he was found to be in violation, convicted for the violation, and sentenced to nine months' imprisonment. Accordingly, we conclude that the Heck bar applies to Vickers's claim despite the unavailability of habeas relief. Cf. Muhammad v. Close, 540 U.S. 749, 754-55, 124 S.Ct. 1303, 1306, 158 L.Ed.2d 32 (2004) (holding that a plaintiff's § 1983 suit challenging state prison disciplinary proceedings was not barred under Heck because it could not "be construed as seeking a judgment at odds with his conviction.").

Given that Heck is applicable to Vickers's claim, Vickers argues that his claim of wrongful arrest does not inevitably undermine his conviction, which he claims he is not challenging. We have held that "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, Heck does not generally bar such claims." Hughes v.

11

Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).  However, not all Fourth Amendment claims fit the exception to Heck, and courts "must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted."  Id. at 1160 n.2.

As discussed above, while Vickers's understanding of the law is correct–a § 1983 claim of improper arrest does not inevitably undermine a conviction–the factual basis for Vickers's claim does inevitably undermine his conviction. Therefore, we conclude that the district court properly found that Heck bars Vickers's claims, and the grant of summary judgment to the defendants was correct.

**AFFIRMED.**