[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11912
Non-Argument Calendar
_____

D. C. Docket No. 06-80805-CV-KLR

CARL ROBERT CHRISTY,

Plaintiff-Appellant,

versus

SHERIFF OF PALM BEACH COUNTY,
FLORIDA,
RICHARD WILLIE,
Sheriff, PBSO,
JOHN MARK COLLINS,
THOMAS THOMPSON,
Deputy Sheriff, PBSO,
SCOTT S. WARBURTON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 5, 2008)

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Carl Robert Christy, a federal prisoner proceeding pro se, appeals the district court's order dismissing his pro se civil rights complaint, brought pursuant to 42 U.S.C. § 1983, and its order denying his motion to alter or amend the judgment. In his complaint, Christy brought nine claims against the Palm Beach County Sheriff's Office ("PBSO") and various local officials that had been employed at the PBSO. Claims One through Three were brought against former PBSO Deputy Sheriff John Mark Collins, the first two of which arose out of an alleged unlawful contingency fee agreement between Collins and confidential informant ("CI") Tony Granims that led to Christy's arrest and state conviction on drug charges in 1985. The remainder of his claims generally alleged that the other defendants concealed this unlawful agreement.

After a thorough review of the record, we conclude that the district court was correct to dismiss Christy's claims for failure to state a claim. Also, the court did not abuse its discretion in denying Christy's motion to alter or amend, as he only repeated old arguments in his motion. Accordingly, we AFFIRM.

# I. BACKGROUND

Christy, a federal prisoner proceeding pro se, filed this civil rights action in federal court, pursuant to 42 U.S.C. §§ 1983 and 1985(2)-(3). R1-1 at 1-2. He sued the following defendants: (1) Richard Wille, former Sheriff of Palm Beach County Sheriff's Office ("PBSO"); (2) John Mark Collins, former Deputy Sheriff at PBSO; (3) Thomas Thompson, former Captain at PBSO; (4) PBSO, the entity; (5) Scott S. Warburton, an attorney representing Collins and PBSO in a previous action; (6) Amy Singer Borman, an attorney representing PBSO in a previous action; and (7) John Does, unknown individuals. Id. at 2-3.

With respect to the specific claims in the complaint, Christy alleged that Collins violated his rights by: (1) entering into, and concealing, an unlawful racketeering enterprise with confidential informant ("CI") Tony Granims that led to Christy's arrest in 1984 (Claim One); (2) embellishing, falsifying, and distorting the information contained in Christy's arrest report (Claim Two); and (3) knowingly submitting false answers to questions during discovery in a 1993 civil action (Claim Three). Id. ¶¶ 39-41. Christy alleged that Warburton, an attorney for Collins in that 1993 case, provided false information in discovery in order to cover up the unlawful activities of Collins and Granims (Claim Four). Id. ¶ 42. Christy alleged that Borman, an attorney for PBSO in 1996, refused to honor

Christy's request under Florida law for a copy of a PBSO report in order to protect Collins and Granims (Claim Five). Id. ¶ 43. Christy alleged that Thompson, as a law enforcement officer charged with investigating Collins and Granims, concealed their unlawful relationship (Claim Six). Id. ¶ 44. Christy alleged that Wille, being aware of the investigations into Collins, aided and concealed Collins' wrongdoing (Claim Seven). Id. ¶ 45. Christy alleged that PBSO, acting through the above individuals, aided and concealed Collins' and Granims' unlawful racketeering enterprise (Claim Eight). Id. ¶ 46. Finally, Christy alleged that, although he was unaware of it at the time, the relationship between Collins and Granims resulted in the unlawful and corrupt forfeiture of $110,120 to PBSO (Claim Nine). Id. ¶ 47.

Christy alleged that, collectively, the defendants violated his rights under the following provisions: the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the federal Constitution; the Due Process Clause of the Florida Constitution; 18 U.S.C. §§ 2, 4, 1001(a), 1510, 1512(b)-(c), 1621, 1623, and 1962, various federal criminal statutes generally related to making false and misleading statements, obstructing an investigation, and racketeering; Fla. Stat. § 839.13 for falsifying records; and Fed.R.Civ.P. 11(b) for presenting pleadings for an improper purpose. See id. ¶¶ 39-47. In addition to declaratory relief, Christy

4

sought compensatory and punitive damages against the six named defendants.  Id. at 24-26.

The allegations in the complaint relevant to this appeal are as follows.  In 1984, Granims began working as a CI for Collins after being investigated, arrested, and charged for an unrelated offense.  R1-1 at 3-4 ¶¶ 1-5.  In this capacity, Granims introduced Collins to individuals involved in drug trafficking in order to develop a reverse sting operation.  Id. at 3-4 ¶¶ 2, 6, 8.  In order to induce the sting, Collins took kilograms of cocaine from the evidence room at PBSO and showed it to these individuals in "surprise flash" fashion.  Id. at 4 ¶ 7.  However, these individuals did not have the money to purchase the drugs, and so, after being repeatedly contacted, Christy was ultimately brought into negotiations with Collins.  Id. at 5 ¶¶ 9-10.  In November 1984, Christy attempted to leave the premises where the negotiations were taking place and got in his car.  Id. at 5 ¶ 10. Collins then entered the car and, in order to induce a sting, showed Christy cocaine in a "surprise flash" manner, at which point the car was surrounded by law enforcement and Christy was arrested.  Id. at 4-5 ¶¶ 7, 10.  Collins removed $110,120 from the trunk of Christy's car at the time of the arrest.  Id. at 5 ¶ 11. After reviewing the evidence against him, Christy, with the advice of his attorney,

agreed to forfeit this money to PBSO. Id. at 5 ¶ 12. Christy pled guilty in 1985 in connection with this incident and received five years' probation. Id. at 6 ¶ 14.

Although Christy did not know it at the time, Collins paid Granims a substantial sum of money for setting up the reverse sting operation in Christy's case, a relationship that was subsequently concealed. Id. at 6 ¶¶ 15, 16. In 1989, Thompson conducted an internal investigation of Collins, which was ultimately terminated when Thompson reported that Collins had severed his relationship with Granims. Id. at 7 ¶¶ 21-22. Following Collins' testimony against Christy at a subsequent federal criminal trial in 1989 – Christy did not specify the offense with which he was charged or the result of the case – Christy filed a federal civil action against Collins in 1993. Id. at 7-8 ¶¶ 19, 22, 24. During that case, Collins was represented by Warburton. Id. at 8 ¶ 24. During discovery in this civil action, Collins denied that he was an associate of Granims, that Granims had worked as a CI at the time of Christy's arrest in 1984, and that he had paid Granims a contingency fee for his work as a CI. Id. at 8 ¶ 25. In 1994, there was an internal investigation regarding Collins' involvement with illegal drugs, and Thompson and Wille were informed of this investigation. Id. at 8-9 ¶¶ 26-27. In 1996, Christy requested a copy of a PBSO report that Collins had filed in 1984 with respect to Granims, but Borman, representing PBSO, refused to release the document. Id. at

6

10 ¶ 30. Christy later obtained this document through litigation. Id. In 2001, Collins and Granims were indicted under federal racketeering charges. Id. at 10 ¶ 32. Granims testified against Collins at the trial in 2002 and, in contradiction to Collins and Warburton's previous statements in the 1993 case, admitted that Collins had paid him for his work as a CI in 1984 and that Collins had embellished the contents of his police reports, including one that was relevant to Christy's case. Id. at 11 ¶ 34. There was also testimony that Thompson had protected Collins during the internal investigations. Id. ¶ 35. Collins was sentenced in 2003. Id. at 13 ¶ 37.

All of the defendants except for Collins jointly moved to dismiss the complaint as untimely and for failure to state a claim upon which relief could be granted. R1-13 at 1, 7-11. Christy responded to the defendants' motion to dismiss where he set out the factual basis of his claims in greater detail and attached four volumes of appendices in support. See generally R1-18; Exh. Folder, doc. 19; R1-20, 21; Exh. Folder, doc. 22.

A magistrate judge issued a report and recommendation. R1-23. He began by clarifying that the case was before him for initial screening under 28 U.S.C. § 1915A and for consideration of the defendants' joint motion to dismiss. Id. at 1-2. In this respect, because the standard for dismissal under § 1915A was the same

as the standard for dismissal under Fed.R.Crim.P. 12(b)(6), he stated that he would "conduct a joint screening of the Complaint and analysis of the Motion to Dismiss, pursuant to 28 U.S.C. § 1915A." Id. at 3. In setting out the comprehensive procedural history of this case – explaining that Christy had been challenging his 1985 conviction since 1993 – the magistrate judge noted that some of the history was "culled from prior federal litigation in this Court, reported cases and exhibits in this and former cases filed in this Court." Id. at 4-8 & n.1.

Discussing Christy's first two claims against Collins, the magistrate judge found that they were barred by the statute of limitations, which began to accrue on the date that Christy discovered the unlawful agreement between Collins and Granims. Id. at 11-13. Despite acknowledging that Christy alleged in his complaint that he discovered this fact when Granims testified against Collins in 2002, the magistrate judge determined that Christy was aware of this prior to being sentenced in 1985. Id. at 12-13. To support this finding, the magistrate judge relied on a transcript of Christy's guilty plea hearing in 1985 – taken from a magistrate judge's report in a 1994 federal habeas corpus proceeding which was not in the record – in which defense counsel appeared to acknowledge that the police improperly employed a CI under Florida law. Id. at 12-13; see id. at 5-7. Nonetheless, the magistrate judge alternatively found that these two claims were

8

barred under <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because Christy alleged that he was entrapped by the reverse sting operation, and, therefore, any relief granted on these claims would necessarily undermine the validity of his 1985 conviction. <u>Id.</u> at 13-14.

With respect to Christy's third claim, the magistrate judge also found that it was barred by the statute of limitations because Christy alleged in his complaint that he was aware of the false responses to the discovery questions at the time they occurred in 1993. <u>Id.</u> at 14-15. In addition, the magistrate judge alternatively found that this claim did not state a federal constitutional claim. <u>Id.</u> at 15. The magistrate judge then found that Christy's Claim Four against Warburton, also based on the 1993 civil case, should be dismissed for the same reasons as Claim Three. <u>Id.</u>

With respect to Claim Five against Borman based on her failure to provide Christy with a copy of a PBSO document, the magistrate judge first found the claim against Borman to be untimely because Christy alleged that he knew of the violation in 1996 but failed to explain why he waited until 2006 to raise this claim. <u>Id.</u> at 16. In any event, the magistrate judge alternatively found that the claim did not state a federal constitutional claim. <u>Id.</u> With respect to Christy's Claim Six against Thompson, the magistrate judge concluded that, while Thompson's alleged

failure to conduct a proper investigation of Collins may have delayed Collins' federal conviction, the only impact it had on Christy was to delay his access to information concerning Collins' relationship with Granims, which was not sufficient to state a federal constitutional violation. Id. at 16-17. Similarly, with respect to Christy's Claim Seven against Wille, the magistrate judge ruled that, even if he was involved in any wrongdoing, the claim was untimely and Wille's conduct did not have a constitutional impact on Christy. Id. at 17.

With respect to Christy's Claim Eight against PBSO, and citing Dean v. Barber, 951 F.3d 1210 (11th Cir. 1992), the magistrate judge concluded that PBSO was not a proper party to the lawsuit because, under Florida law, the Sheriff's department was not a legal entity that could be sued. Id. The magistrate judge noted that Christy was confusing the Sheriff's department with a county or county agency that may be liable under Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), based on an unconstitutional custom or policy, which, in any event, Christy failed to allege. Id. at 17-18.

Finally, with respect to Christy's Claim Nine pertaining to the unlawful forfeiture of the $110,120, the magistrate judge found both that it was untimely and that it could not be raised under § 1983. Id. With respect to the latter point, the

10

magistrate judge stated that there was no procedural due process violation because, in the event that a law enforcement officer unlawfully seized the money, Florida law provided for an adequate post-deprivation remedy in the form of a tort action for conversion. Id. at 18-20.

Christy filed an objection to the magistrate judge's report. Exh. Folder, doc. 26. He argued that the magistrate judge's reliance on Heck was misplaced because, inter alia, granting him relief would not invalidate his conviction. Id. at 5-6. In addition, and citing Vickers v. Donahue, 137 Fed.Appx. 285 (11th Cir. 2005) (a non-binding, unpublished opinion), he suggested that Heck did not bar his action because habeas relief was unavailable. Id. at 6. In addition to objecting to the magistrate's statute-of-limitations rulings, he set out the factual details of his claims against each of the individual defendants and argued that the contingency fee agreement between Collins and Granims violated his due process rights under the Florida Constitution, as held in State v. Glosson, 462 So.2d 1082 (Fla. 1985). See id. at 10-19, 25-42. With respect to his claim against PBSO, he argued that the magistrate judge's reliance on Dean was incorrect because that case involved Alabama law, as opposed to Florida law, and he asserted that PBSO did have an informal, unconstitutional policy, custom, or practice of failing to remedy the unconstitutional conduct of its officers. Id. at 19-25. With respect to his claim

11

involving forfeiture, Christy argued, <u>inter</u> <u>alia</u>, that he had no post-deprivation remedy because Collins had covered up the facts that would have supported such a claim. <u>Id.</u> at 39.

The district court stated that it had considered Christy's objections, adopted the magistrate judge's report, and dismissed the complaint. R1-27. Christy filed a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e), repeating the arguments presented in his objection. <u>See</u> R1-28. The district court denied the motion on the ground that it presented the same arguments and facts as those contained in Christy's objection to the magistrate's report, which the court had already considered and overruled. R1-30. Christy filed an appeal from both the court's order denying his motion to alter or amend as well as "the court's prior rulings." R1-31.

After filing a motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") on appeal – which we construed as a motion for leave to proceed on appeal – we entered an order granting the motion. Concluding that Christy's appeal was not frivolous, we directed the parties to limit their appellate briefs to the following issues:

> Whether the district court converted appellees' motion to dismiss for failure to state a claim into a motion for summary judgment. <u>See</u> Fed.R.Civ.P. 12(b)(6); <u>see also</u> <u>Donaldson v. Clark</u>, 819 F.2d 1551, 1555 (11th Cir. 1987); and

12

If the district court converted appellees' motion to dismiss for failure to state a claim into a motion for summary judgment, whether appellant receive proper notice and an opportunity to respond. See Herron v. Beck, 693 F.2d 125, 127 (11th Cir. 1982); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985); and

Assuming that appellant was properly notified that appellees' motion to dismiss was converted to a motion for summary judgment, whether the district court properly dismissed the claims as to Deputy Sheriff John Mark Collins.

With respect to the last issue, we limited the appeal to Christy's claims against Collins because we determined that the claims against all of the other defendants were frivolous. See Admin. Papers.

## II. **DISCUSSION**

Under 28 U.S.C. § 1915A, the district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(b)(1). Because we review dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo – a provision that uses the same above language as § 1915A(b)(1) – we have held that it also reviews de novo a sua sponte dismissal under § 1915A(b)(1) for failure to state a claim. Leal v. Georgia Dept. of

13

Corrections, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Thus, we will also apply the same Fed.R.Civ.P. 12(b)(6) standards in reviewing dismissals under § 1915A(b)(1). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (so holding in reviewing a dismissal under § 1915(e)(2)(B)(ii)). Under that standard, we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir.), cert. petition filed, (8 May 2008) (No. 07-10871).

A. **Whether the district court converted the defendants' motion to dismiss into a motion for summary judgment by considering material outside the pleadings**

Christy generally argues that the magistrate judge effectively converted the defendants' motion to dismiss into one for summary judgment by considering materials outside of the pleadings – namely a PBSO police report, court documents in other cases, and defenses not raised by the defendants – and that he failed to provide Christy with the required notice of this fact.

All of the defendants except for Collins jointly respond that the magistrate judge did not convert the motion to dismiss because, although he referenced information outside of the pleadings for background purposes, he did not rely on this information in the analysis. The defendants also argue that Christy invited any

14

such error and that, even if the court converted the motion, Christy had notice and the opportunity to respond, which he failed to do.

"The court has discretion as to whether to accept material beyond the pleading that is offered in conjunction with a 12(b)(6) motion. However, once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment." Property Management & Investments, Inc. v. Lewis, 752 F.2d 599, 604 (11th Cir. 1985) (citation omitted); see Fed.R.Civ.P. 12(d). "It is clearly the law in this circuit that whenever a district judge converts a 12(b)(6) motion to dismiss into one for summary judgment by considering matters outside the pleadings the judge must give all parties ten-days notice that he is so converting the motion." Donaldson, 819 F.2d at 1555. "Moreover, a court should be particularly careful to ensure proper notice to a pro se litigant." Herron, 693 F.2d at 127.

In this case, while it is true that the magistrate judge, in detailing the procedural history of the case, referenced information outside of the pleadings, he only relied on such information in dismissing Claims One and Two against Collins on statute-of-limitations grounds. See R1-23 at 5-7, 11-13. Significantly, the magistrate judge provided an alternative ground for dismissing these claims – namely, that they were barred under Heck – which did not rely on information

15

outside of the pleadings. Id. at 12-15. The court's rationale with respect to this alternative ground was that success in the § 1983 action would necessarily invalidate Christy's 1985 conviction because he alleged in his complaint that he was entrapped by the reverse sting operation. Id. at 14. The record confirms that the factual basis of this allegation was indeed contained in the complaint, as Christy alleged that he was attempting to leave the drug negotiations when Collins got in his car, showed him the drugs, and arrested him. See R1-1 at 4-5 ¶¶ 7, 10. As discussed below, we affirm on this alternative ground, which was not based on information outside of the pleadings. Accordingly we conclude that the district court did not convert the motion to dismiss for purposes of this appeal because it provided an alternative basis for the dismissal which did not rely on extrinsic evidence. Cf. Morrison v. Amway Corp., 323 F.3d 920, 924 (11th Cir. 2003) ("We begin by observing the district court could not have considered Appellees' motion under Rule 12(b)(6), because in rendering its decision the court relied on extrinsic evidence outside the pleadings."). Other courts have reached this conclusion under similar circumstances. See Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d. Cir. 2006) (holding that a motion to dismiss is not converted where the court refers to extraneous material for background purposes but does not rely on it as a basis for dismissal); Casazza v. Kiser, 313 F.3d 414, 418 (8th Cir. 2002) (holding that the

16

district court did not convert a motion to dismiss where it did not rely on any matters outside the pleadings in granting the motion); Jackson v. Southern California Gas Co., 881 F.2d 638, 642 n.4 (9th Cir. 1989) (holding the same). In any event, and for this same reason, any error by the district court in this regard was harmless. See Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1268-69 (11th Cir. 2002) (holding that the court's failure to provide notice of the conversion was harmless error where the non-movant exhibited an awareness of the court's conversion and failed to identify additional evidence that it would have submitted if given proper notice).

**B.** **Whether the district court erred by dismissing the claims against Collins**

With respect to his claims against Collins, Christy appears to contend that dismissal was inappropriate because Collins waived any defenses by failing to respond to the lawsuit. With respect to this point, the defendants respond that, although they do not speak for Collins, he was not required to respond to Christy's complaint because the court was obligated to dismiss it on its own under § 1915A.

As an initial matter, the defendants are correct that Collins was not required to file an answer or motion to dismiss to Christy's complaint, as the complaint was governed by the screening statute in § 1915A, which, as discussed above, required the court to review the complaint sua sponte and dismiss any claims that did not

17

state a cause of action. See 28 U.S.C. § 1915A(a), (b)(1); (R1-23 at 1-3). Accordingly, Christy's contention that dismissal against Collins was inappropriate based on his failure to defend the lawsuit is without merit.

As discussed above, the court dismissed Claims One and Two in the alternative under Heck based on allegations contained in the complaint. Christy implicitly challenges this finding in his brief when he states that, in bringing his cause of action, he was not attempting to attack his 1985 conviction. In addition, in detailing the documents outside of the record upon which the magistrate judge relied, Christy states that his claim is not barred under Heck because of Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), and because he has no habeas remedy remaining.

However, and despite his assertion to the contrary, the court was correct to dismiss these claims under Heck because if Christy prevailed on these two claims, it would necessarily imply the invalidity of his 1985 conviction. See Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372 (holding that a § 1983 plaintiff must prove that his criminal conviction had been rendered invalid in order to recover damages for harm caused by actions whose unlawfulness would necessarily imply the invalidity of the conviction). This is so because these two claims revolve around the allegations that Collins paid Granims money to set up Christy's reverse sting

18

operation, that Christy was attempting to leave the drug negotiations when he was approached by Collins with drugs and immediately arrested, and that Collins subsequently falsified Christy's arrest report. See R1-1 at 5-6, 11, 13-14 ¶¶ 10, 15, 34, 39-40. These allegations, if proven, would demonstrate that Christy was either factually innocent of the offense or was entrapped by Collins and Granims, either of which would necessarily imply the invalidity of his conviction. See Heck, 512 U.S. 486 n.6, 114 S.Ct. at 2372 n.6 (providing that, if a § 1983 plaintiff, in order to prevail, would have to negate an element of the criminal offense, then it would necessarily imply the invalidity of his conviction); Kramer v. Village of North Fond du Lac, 384 F.3d 856, 862 (7th Cir. 2004) (persuasive authority stating that entrapment allegations in a § 1983 action would be barred under Heck because entrapment was a complete defense to the crime). In addition, Christy's reliance on Spencer is entirely without merit because that case did nothing more than briefly discuss the Court's holding in Heck in the context of an argument with no relevance to this case. See 523 U.S. at 17, 118 S.Ct. at 988.

Furthermore, with respect to Christy's assertion that his lawsuit must be allowed to proceed because habeas relief is unavailable, we have expressly declined to consider that issue in an opinion where the § 1983 action is otherwise barred under Heck. See Vickers v. Donahue, 137 Fed. Appx. 285, 288-90 (11th

19

Cir. 2005) (declining to address the issue where the plaintiff's § 1983 claim was barred under Heck because it would necessarily undermine his underlying conviction); see also Abusaid v. Hillsborough County Bd. of County Com'rs, 405 F.3d 1298, 1315 n.9 (11th Cir. 2005) (noting the issue but allowing the district court to address it first).

Because his claims are barred under Heck, it is unnecessary to address Christy's claim that the conviction violated his right to due process under the Florida Constitution. In any event, it is noteworthy that such reliance is misplaced because, as he acknowledges, Glosson's holding – that it is a violation of due process to enter a contingency fee agreement with a CI – was expressly limited to the Due Process Clause of the Florida Constitution, and thus, does not state a federal constitutional claim. Glosson, 462 So.2d at 1085 ("reject[ing] the narrow application of the due process defense found in the federal cases" and basing its holding on the Florida Constitution); R1-26 at 17, 39, 41-43; see Williams v. Board of Regents of University System of Georgia, 477 F.3d 1282, 1299 (11th Cir. 2007) ("Title 42 U.S.C. § 1983 provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions. . . . Therefore, the plaintiff must point to a specific federal right that the defendant violated.").

20

With respect to Claim Three, the court dismissed this claim first on statute-of-limitations grounds, finding that Christy alleged in his complaint that he knew that Collins provided false answers in discovery in the 1993 case at the time he received them. R1-23 at 14-15. However, it does not appear that Christy ever alleged that he knew that the responses were false at that time. See R1-1 at 8, 15 ¶¶ 25, 41.

Nonetheless, we affirm the dismissal of this claim on the court's alternative ground, namely, that providing false answers in discovery did not state a federal constitutional claim. See R1-23 at 15. Christy does not offer any authority to the contrary on appeal, and, thus, has abandoned the issue. Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (issues not raised on appeal by a pro se litigant are abandoned).

**C.** **Whether the district court abused its discretion by denying Christy's motion to alter or amend the Judgment (raised by staff attorney)**

Although neither party discusses the issue on appeal, the district court did not abuse its discretion by denying his Rule 59(e) motion to alter amend the judgment. See Lambert v. Fulton County, Ga., 253 F.3d 588, 598 (11th Cir. 2001) (providing that we review the denial of a Rule 59(e) motion for abuse of discretion). This is so because Christy presented the same legal arguments in this motion as he did in his objection to the magistrate judge's report, which the district

21

court properly considered and overruled in its original order. See Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) ("Linet however cannot use a Rule 59(e) motion to relitigate old matters . . . ."); R1-26, 27, 28. Thus, the district court did not abuse its discretion in denying the Rule 59(e) motion.

## III. CONCLUSION

After a careful review of the record and briefs of the parties, for the reasons set out above, we find no error in dismissal of Christy's complaint under Fed.R.Civ.P. 12(b)(6).

**AFFIRMED.**