[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11228
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-01646-MHH-PWG


JEFFREY SCOTT HALL,

Plaintiff-Appellant,

versus

JODY TALLIE,
CURTIS RIGNEY,
JAMISON LEE,
JOSHUA WHITE,
 PAUL SEALE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 15, 2015)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

At the time he brought this lawsuit, Jeffrey Scott Hall was confined in the Shelby County jail in Columbiana, Alabama.  According to the Magistrate Judge to whom Hall's case had been referred for consideration pursuant to the Prisoner Litigation Reform Act of 1995, Pub. L. No. 1043-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, Hall's complaint, brought against multiple defendants— including a Circuit Judge, the District Attorney, the Public Defender, his Guardian ad litem, and several law enforcement officers—and seeking relief under 42 U.S.C. § 1983, "consisted solely of a vague narrative of events ostensibly connected with involuntary commitment proceedings and associated criminal charges in Shelby County."  Doc. 15, at 2.  The Magistrate Judge therefore ordered Hall to re-plead his complaint, and he did so.  The amended complaint alleged, generally, (1) that Hall had been improperly arrested and charged, all based on the false testimony of one or more of the defendant law enforcement officers; (2) that pending trial, the court, relying on the false testimony and the misconduct of the District Attorney and his attorney, the Public Defender, committed him for mental health evaluation and treatment; and (3) that the court thereafter denied Hall his speedy trial right by delaying the final disposition of his criminal case, which is still pending.

2

Upon reviewing Hall's amended complaint, the Magistrate Judge sua sponte discussed the merits of Hall's claims, found that none stated a claim for relief, and recommended that the District Court dismiss the amended complaint without prejudice.  The District Court adopted the recommendation and dismissed the complaint without prejudice.  Hall now appeals.

Hall argues that his ongoing detention and the mental health assessment requirements are effectively being used to prevent him from having a speedy trial, thus effecting a continuing violation of his Sixth Amendment rights.   Liberally construed, his brief argues that the violations of his rights committed by each of the defendants contributed to a continuing deprivation of his right to trial.

We review de novo a district court's 18 U.S.C. § 1915A sua sponte dismissal of a complaint for failure to state a claim, Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (per curiam), taking the complaint's allegations in the light most favorable to the plaintiff, and accepting all of the plaintiff's well-pleaded facts as true, Christy v. Sheriff of Palm Beach Cnty., Fla., 288 F. App'x 658, 664 (11th Cir. 2008) (per curiam) (unpublished).

To sufficiently plead a § 1983 violation, a plaintiff must establish that: (1) the conduct complained of was conducted by someone acting under the color of state law, and (2) the conduct deprived him of legally recognized or Constitutional rights, privileges, or immunities.  Fullman v. Gradick, 739 F.2d 553, 561 (11th Cir.

1984) (quoting Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)).  The violation must be alleged within the applicable statute of limitations for personal injury claims in the relevant jurisdiction.  Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (per curiam).  Alabama's statute of limitations for personal injury claims is two years.  See Ala. Code § 6-2-38(l).

Some parties are immune from § 1983 claims based on their official role. See Wahl v. McIver, 773 F.2d 1169, 1172–73 (11th Cir. 1985) (per curiam) (discussing various types of immunity for those involved in the public litigation process).  A judge is immune from a claim for monetary damages for any act taken within the scope of the judicial role, even if the act is allegedly malicious, corrupt, or beyond the scope of the court's jurisdiction.  Id. at 1172.  Similarly, a prosecutor is immune for actions taken within the scope of a criminal prosecution, such as offering false evidence or declining to investigate allegations.  Id. at 1173.

Public defenders, although employed by the government, are not typically viewed as acting under color of state law.  See Tower v. Glover, 467 U.S. 914, 920, 104 S. Ct. 2820, 2823, 81 L. Ed. 2d 758 (1984).  However, a public defender may be liable under § 1983 if he or she conspires with someone who did deprive the plaintiff of one or more of his legally recognized rights under color of state law.  Wahl, 773 F.2d at 1173.  In addition to immunities for judges and attorneys, witnesses—both public officials and private citizens— may also claim testimonial

4

immunity from § 1983 claims.  Briscoe v. LaHue, 460 U.S. 325, 335–336, 103 S. Ct. 1108, 1115–16, 75 L. Ed. 2d 96 (1983).

The dismissal of Hall's claim against the Public Defender was appropriate because Hall's allegations that the Public Defender inappropriately hindered his trial through mental health assessments are fleeting and conclusory.  Hall failed to illustrate facts sufficient to show that the Public Defender either acted under color of state law or participated in a conspiracy.  Further, Hall failed to link any of his allegations to a redressable right.

The District Court's dismissals of the claims against the law enforcement officers were proper because Hall failed to connect bare factual allegations about false police reports or testimony to a cognizable legal harm.  Furthermore, the District Court correctly noted that Hall's claims against these individuals fell outside of Alabama's two year statute of limitations for personal injury claims, and thus were barred.  Finally, to the extent Hall's claims alleged false testimony, the district court properly found that these individuals would be covered by testimonial immunity.

AFFIRMED.

5