**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 18 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENOMA IGBINOVIA, | No. 20-16259 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00588-RFB-VCF |
| v. | |
| JAMES DZURENDA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Former Nevada state prisoner Enoma Igbinovia appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations arising from a failure to apply statutory good time and

work/education credits to his minimum and maximum sentences.  We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). *Byrd v. Maricopa County Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, vacate in part, and remand.

The district court properly dismissed without prejudice Igbinovia's equal protection, retaliation, and Ex Post Facto Clause claims because Igbinovia failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (elements of an equal protection "class of one" claim); *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (to fall within ex post facto prohibition, a law must be retrospective and must disadvantage the offender affected by it by increasing his punishment); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a First Amendment retaliation claim in the prison context).

The district court properly dismissed with prejudice Igbinovia's due process and Eighth Amendment claims based on deprivation of parole eligibility because Igbinovia possessed no constitutionally protected liberty interest in parole eligibility in Nevada. *See Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983) (if a

substantive interest is left to the state's unfettered discretion, then state statutes creating formal procedures surrounding that discretion do not create a liberty interest); *Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010) (Nevada law does not create liberty interest in parole).

However, to the extent that the district court dismissed Igbinovia's due process and Eighth Amendment claims challenging the statutory deductions to his maximum sentences on the ground that they were barred under *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005), we vacate the judgment on these claims because the record shows that Igbinovia is no longer in prison, and thus habeas relief may no longer be available to him. We remand for consideration in light of our decision in *Nonnette v. Small*, 316 F.3d 872, 877, 878 n.7 (9th Cir. 2002) (holding that plaintiff could proceed with § 1983 action because habeas relief was no longer available).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, VACATED in part, and REMANDED.**