**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILIP ROY GALANTI, | No. 20-17332 |
| *Plaintiff-Appellant,* | D.C. No. 2:19-cv-01044-GMN-EJY |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS; CLARK COUNTY SCHOOL DISTRICT; JAMES DZURENDA, Director; BRIAN WILLIAMS, Warden, Warden; MOORE, Caseworker; RITZ, Caseworker; NASH, Associate Warden; KIM PETERSON, NDOC Administrator; J. CAVIN, School Counselor; ROLAND; HOWELL, | OPINION |
| *Defendants-Appellees.* | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted March 28, 2023
San Francisco, California

Filed April 25, 2023

Before:  MILAN D. SMITH, JR. and JOHN B. OWENS,
Circuit Judges, and XAVIER RODRIGUEZ,[*] District
Judge.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[**]

### Prisoner Civil Rights

The panel affirmed in part and reversed in part the district court's dismissal of an action brought pursuant to 42 U.S.C. § 1983 against the Nevada Department of Corrections and several Department officials alleging that they violated plaintiff's constitutional rights by failing to deduct education-credits he earned from his sentence, and remanded.

While incarcerated, plaintiff completed several education courses which entitled him to sentence deductions under Nevada law.  After he was released and his parole ended, plaintiff sued, asserting that defendants' failure to apply earned credit-deductions to his sentence deprived him of liberty without due process and denied him equal protection of the law by targeting him for the denial of credits because he is a sex offender.

---

[*] The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel first rejected defendants' argument that plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because they necessarily implied that the duration of his sentence was invalid.  The panel held that *Heck* did not apply in this case.  Plaintiff was no longer in custody and was thus unable to raise claims for credit-deductions in a petition for habeas corpus.  As such, this case fell within the limited exception to *Heck* this court recognized in *Nonnette v. Small,* 316 F.3d 872, 875–76 (9th Cir. 2002).

The panel held that the district court erred by interpreting plaintiff's due process claim as asserting only a deprivation of minimum-sentence deductions affecting his parole eligibility date and ignoring his claim for maximum-sentence deductions.  Despite being instructed to brief the issue, defendants did not respond to plaintiff's argument that Nev. Rev. Stat. § 209.4465 contains the mandatory language necessary to create a constitutionally protected liberty interest in maximum-sentence deductions, similar to good-time statutes this court previously found to create liberty interests.  Accordingly, the panel reversed and remanded with respect to plaintiff's due process claim.

The panel affirmed the dismissal of the equal protection claim because plaintiff had not alleged facts supporting discrimination.

**COUNSEL**

Rizelle Dizon (argued) and Justine Chang, Certified Law Students; Leah Spero, Gary A. Watt, and Stephen Tollafield, Supervising Attorneys; University of California, Hasting College of the Law, Hastings Appellate Project; San Francisco, California; for Plaintiff-Appellant.

Sabrena K. Clinton (argued), Deputy Attorney General; Gregory L. Zunino, Deputy Solicitor General; Frank A. Toddre II, Senior Deputy Attorney General; D. Randall Gilmer, Chief Deputy Attorney General; Aaron D. Ford, Attorney General of Nevada; Office of the Nevada Attorney General; Las Vegas, Nevada; Patrick J. Murch, McDonald Carano LLP, Las Vegas, Nevada; for Defendants-Appellees.

**OPINION**

M. SMITH, Circuit Judge:

Philip Roy Galanti sued the Nevada Department of Corrections (NDOC) and several NDOC officials pursuant to 42 U.S.C. § 1983, claiming that they violated his constitutional rights by failing to deduct education-credits he earned from his sentence. Defendants argue that Galanti's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because they necessarily imply that the duration of his sentence was invalid.

We hold that *Heck* does not apply in this case. Galanti is no longer in custody and is thus unable to raise claims for credit deductions in a petition for habeas corpus. As such,

this case falls within the limited exception to *Heck* we recognized in *Nonnette v. Small,* 316 F.3d 872, 875–76 (9th Cir. 2002).  Because *Heck* does not bar this lawsuit, we reverse and remand with respect to Galanti's due process claim, which the district court misconstrued as challenging only the denial of credit-deductions from his parole date. We affirm the dismissal of the equal protection claim, as Galanti failed to allege discrimination.

## BACKGROUND

Philip Roy Galanti is a former Nevada state prisoner. While incarcerated, he completed several education courses, which entitled him to sentence deductions under Nevada law.  He alleges that, with the deductions he earned from obtaining his high school diploma and two vocational certificates, his sentence should have expired on June 1, 2018.  However, because NDOC officials did not apply the deductions, his sentence did not expire until August 22, 2018.

After he was released and his parole ended, Galanti sued NDOC and several NDOC officials pro se.  In his First Amended Complaint (FAC), Galanti raises two claims. First, he asserts that Defendants' failure to apply earned credit-deductions to his sentence deprived him of liberty without due process.  Second, he claims Defendants denied him equal protection of the law by targeting him for the denial of credits because he is a sex offender.  Galanti alleges that NDOC officials failed to rectify the situation despite his complaints while he was still incarcerated and complaints from his mother.  He further alleges they denied him access

to his credit and sentence reports, which prevented him from verifying his credit calculations while incarcerated.[1]

Defendants moved to dismiss, arguing that Galanti failed to state any constitutional violations, *Heck* bars his claims, qualified immunity shields the officer-defendants from liability, and NDOC is not a proper party. The district court granted the motion. Construing Galanti's due process claim as being based on the failure to apply credit-deductions to his "minimum sentence," or parole eligibility date, the district court dismissed the claim with prejudice on the ground that Nevada law does not create a constitutionally protected liberty interest in parole. The court dismissed the equal protection claim for failure to plead discrimination and declined to reach the remaining issues.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a decision on a motion to dismiss for failure to state a claim de novo, accepting the allegations in the complaint as true and viewing them in the light most favorable to the plaintiff. *Gonzalez v. Google LLC*, 2 F.4th 871, 885 (9th Cir. 2021). Pro se pleadings are construed liberally. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

## ANALYSIS

Although the district court did not reach the issue, Defendants assert that all of Galanti's claims are barred by *Heck* because a judgment in his favor would necessarily

---

[1] The FAC also contains an equal protection claim based on allegations that Defendants awarded fewer discretionary credits to inmate students compared to inmate workers, as well as Fourth, Fifth, and Eight Amendment claims, which are not at issue in this appeal.

imply the invalidity of the duration of his sentence. Galanti argues that his claims fall under an exception to *Heck* recognized by our court in *Nonnette* because he is no longer incarcerated and thus cannot bring his claim for credit deductions in a habeas petition. Defendants contend that *Nonnette* is inapplicable because Galanti did not timely pursue habeas relief while in custody.

Apart from *Heck*, Galanti argues that the district court misconstrued his due process claim as challenging the denial of *minimum*-sentence deductions—in which he concedes that he lacks a liberty interest—and ignored his interest in *maximum*-sentence deductions. With respect to his equal protection claim, Galanti argues that he sufficiently alleged discrimination. Defendants endorse the district court's analysis of both claims. We address each argument in turn.

## I.     *Heck v. Humphrey* Does Not Bar Galanti's Claims

In *Heck*, the Supreme Court held that to recover damages pursuant to § 1983 for an unconstitutional conviction or sentence, the plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. If a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" and that conviction or sentence has not been invalidated, the claim is not cognizable under § 1983. *Id.* at 487. The Court has since clarified that the *Heck* rule applies to claims for unconstitutional deprivation of good-time credits, if a favorable judgment would imply the invalidity of such

deprivation.   *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

After *Heck*, five Justices in *Spencer v. Kemna*, 523 U.S. 1 (1998), "suggested that *Heck*'s scope might be narrower than *Heck* itself indicated." *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1190 (9th Cir. 2015).  The Court held that, while an ex-prisoner's habeas petition challenging his underlying conviction does not become moot upon his release due to the continuing consequences of a criminal record, the petitioner's challenge to his parole revocation was mooted by his release from custody.  *See Spencer*, 523 U.S. at 7–13.  But five Justices noted that the petitioner *could* bring such a claim under § 1983 without satisfying *Heck*'s favorable-termination requirement, as "it would be impossible as a matter of law for him to satisfy" that requirement due to the unavailability of habeas relief.  *Id.* at 21 (Souter, J., concurring); *see id*. at 25 n.8 (Stevens, J., dissenting); *see also Guerrero v. Gates*, 442 F.3d 697, 704 (9th Cir. 2006) ("The *Spencer* concurrence suggests that a plaintiff's inability to pursue habeas relief after release from incarceration should create an exception to *Heck's* bar.").

Then in *Nonnette*, we applied this reasoning in holding that *Heck* did not preclude an ex-prisoner's § 1983 claim challenging denial of good-time credits because he could no longer bring that claim in a habeas petition.  *See* 316 F.3d at 875–76.  Nonnette filed his § 1983 suit while in custody, alleging that prison officials miscalculated his sentence and unlawfully revoked his credits.  *Id.* at 874.  The district court dismissed pursuant to *Heck* because a judgment in Nonnette's favor would imply the invalidity of his sentence. *Id.*  After that decision was entered, he was released from custody.  *Id.* at 875.  We reasoned that because Nonnette's release rendered habeas relief unavailable under *Spencer*,

his § 1983 action could be maintained.  *See id.* at 875–76.
We also "emphasize[d] that [the] holding affects only
former prisoners challenging loss of good-time credits,
revocation of parole or similar matters"—not challenges to
underlying convictions, because ex-prisoners continue to be
able to challenge their underlying convictions in habeas
after their release.  *Id.* at 878 n.7 (citing *Spencer*, 523 U.S.
at 7–12); *see also Lyall*, 807 F.3d at 1192 (holding that the
plaintiff's claim "d[id] not come within the narrow
exception recognized in *Spencer* and *Nonnette*" because it
challenged his underlying conviction).

We have since recognized potential limits to *Nonnette*.
In *Guerrero*, we held that *Heck* barred the plaintiff's § 1983
suit even though he was no longer in custody and habeas
relief was unavailable, distinguishing the case from
*Nonnette* on two grounds.  *See* 442 F.3d 702–05.  First,
Guerrero's claims attacked his conviction, not "loss of
good-time credits, revocation of parole or similar matters,"
and thus they were plainly outside *Nonnette*'s purview.  *Id.*
at 705 (quoting *Nonnette*, 316 F.3d at 878 n.7).  Second,
Guerrero did not "*timely* pursue[] appropriate relief."  *Id.*
(emphasis added).  We noted that the plaintiff in *Nonnette*
"immediately pursued relief after the incident giving rise to
[his] claims and could not seek habeas relief only because
of the shortness of his prison sentence."  *Id.*  In contrast,
Guerrero waited three years to file suit, allowing the statute
of limitations on his habeas claim to expire.  *Id.*; *see* 28
U.S.C. § 2244(d)(1) (establishing one-year deadline for
filing federal habeas corpus petitions).  As such, "[h]is
failure to timely achieve habeas relief [wa]s self-imposed"
and not a reason for him to avoid the *Heck* bar.  *Guerrero*,
442 F.3d at 705.

This case is much more like *Nonnette* than *Guerrero*. First, Galanti challenges the deprivation of credit-deductions, not his underlying sentence. Second, to the extent that *Guerrero* imposes a diligence requirement on § 1983 plaintiffs under *Nonnette*, it does not bar Galanti's claim. Given the timeline Galanti alleges, he had little time to obtain habeas relief. Galanti earned the credits at issue on April 1, 2018, he was released on June 1, 2018, and his parole expired on August 22, 2018, giving him only a few months during which he could have filed a habeas petition. And if his sentence expired during the pendency of his case, which is very likely given the timeframe, it would have been dismissed as moot. This differs from the situation in *Guerrero*, in which the plaintiff allowed the habeas statute of limitations to lapse and then attempted to "use his failure to timely pursue habeas remedies as a shield against the implications of *Heck*." *Id.* at 705 (cleaned up). Moreover, Galanti alleges that he made complaints and took other efforts to rectify the situation while in custody, unlike Guerrero, who waited years before taking "any action at all." *Id.* Accordingly, *Heck* does not bar this suit.

## II.     The District Court Erred by Ignoring Galanti's Due Process Claim for Maximum-Sentence Deductions

The district court dismissed Galanti's claims on grounds other than *Heck*, which we now address. Galanti argues that the court misconstrued his due process claim as asserting the deprivation of deductions to his minimum sentence alone and ignored his claim related to maximum-sentence deductions. Nevada prisoners are generally sentenced to a minimum term, after which they are eligible for parole, and a maximum term, after which they are released if incarcerated or their parole expires. *See* Nev. Rev. Stat.

§§ 213.120(2), 213.1215.    The district court interpreted Galanti's FAC as asserting "that the NDOC Defendants failed to apply the good-time credits that he earned by attending educational classes to his parole eligibility date," or minimum sentence, "which extended his period of incarceration without due process."    The court did not consider whether Galanti stated a claim for deprivation of maximum-sentence deductions.

Galanti now concedes that, to the extent his FAC asserts a claim for minimum-sentence deductions, that claim fails because Nevada prisoners do not have a liberty interest in parole*, see Moor v. Palmer*, 603 F.3d 658, 661–62 (9th Cir. 2010), and he is not statutorily eligible for such deductions in any event because he has been convicted of a felony sex crime.[2]  However, he argues that his FAC also contains a due

---

[2] Under Nevada law, all prisoners are eligible for maximum-sentence deductions, but those convicted of certain enumerated offenses including felony sex crimes—like Galanti—are ineligible for minimum-sentence deductions.  *See* Nev. Rev. Stat. § 209.4465.  The relevant provisions provide that:

> 7. Except as otherwise provided in subsection[] 8 … credits earned pursuant to this section:
>
>> (a) Must be deducted from the maximum term or the maximum aggregate term imposed by the sentence, as applicable; and
>>
>> (b) Apply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole.
>
> 8. Credits earned pursuant to this section by an offender who has not been convicted of:

process claim for deprivation of *maximum*-sentence deductions, in which he has a liberty interest and for which he was eligible, and the district court erred by ignoring that claim.

Construed liberally, Galanti's FAC contains a claim for deprivation of maximum-sentence deductions. He alleges that his sentence "should have *expired* on or about June 1st, 2018 [rather than August 22, 2018], and he *should not have had to be on parole for 2 months* and bear costs associated with it"—referencing his maximum sentence. In his response to Defendants' Motion to Dismiss, Galanti continued to assert that he was entitled to deductions from his "maximum term" and that his sentence should have "expired" earlier. Moreover, throughout his filings, Galanti referenced Nev. Rev. Stat. § 209.4465, which addresses both types of deductions. Accordingly, the district court erred by interpreting Galanti's due process claim as asserting only deprivation of minimum-sentence deductions and ignoring his claim for maximum-sentence deductions.

Defendants' remaining arguments related to due process are premised on the district court's erroneous interpretation and do not address maximum-sentence deductions. Despite being instructed by our court to brief the issue, Defendants

---

…

(b) A sexual offense that is punishable as a felony;

…,

apply to eligibility for parole and … must be deducted from the minimum term or the minimum aggregate term imposed by the sentence, as applicable, until the offender becomes eligible for parole and must be deducted from the maximum term or the maximum aggregate term imposed by the sentence, as applicable.

do not respond to Galanti's argument that Nev. Rev. Stat. § 209.4465 contains the mandatory language necessary to create a constitutionally protected liberty interest in maximum-sentence deductions, similar to good-time statutes we have previously found to create liberty interests. *See Bergen v. Spaulding*, 881 F.2d 719, 721 (9th Cir. 1989) (holding Washington statute creates liberty interest); *McFarland v. Cassady*, 779 F.2d 1426, 1428 (9th Cir. 1986) (same for similar Arizona statute). Rather, Defendants argue that Galanti did not have a liberty interest in *parole*, which he does not dispute and is irrelevant to his maximum-sentence claim in any event.[3] Similarly, Defendants argue that Galanti is not statutorily eligible for deductions to his parole date, which is neither disputed nor relevant.[4] Accordingly, we reverse and remand with respect to Galanti's due process claim.

## III. Galanti Failed to State an Equal Protection Claim

Finally, Galanti claims that Defendants violated the Equal Protection Clause by treating him less favorably with respect to applying credit-deductions due to animus against sex offenders. This claim fails because Galanti has not alleged facts supporting discrimination. *See Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 966 (9th Cir. 2017) ("To prevail on an Equal Protection claim, plaintiffs must show that a class that is similarly situated has been treated disparately." (cleaned up)). He asserts that Defendants did

---

[3] Relatedly, Defendants argue that the officer-defendants are entitled to qualified immunity because "Nevada law does not provide inmates with a clearly established liberty interest in *parole eligibility*," which is also irrelevant to Galanti's maximum-sentence deductions claim.

[4] In their Supplemental Answering Brief, Defendants concede that Galanti is eligible for *maximum*-sentence deductions.

not apply deductions to his sentence "in a manner equal to the deductions given to various other inmate[s]" because Defendants "'hate' sex offenders." But this conclusory statement does not support his claim. *See Ventura Mobilehome Comms. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1055 (9th Cir. 2004) (affirming dismissal of equal protection claim because "[a]side from conclusory allegations, Appellant has not . . . alleged how [similarly situated individuals] are treated differently").

## CONCLUSION

For these reasons, the district court's decision granting Defendants' motion to dismiss is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.[5]

---

[5] In light of the issues in this case, the district court should carefully consider appointing counsel for Galanti in future proceedings.