**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES R. ZUEGEL, | No.    22-17021 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-07538-BLF |
| v. | |
| MARCO GARCIA, Officer; PATRICK WARD, Officer; BRITTON MOORE, Officer; CITY OF MOUNTAIN VIEW, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted February 12, 2024
San Francisco, California

Before:  MILLER, BADE, and VANDYKE, Circuit Judges.

James Zuegel appeals from the dismissal of his second 42 U.S.C. § 1983 action arising from his May 2015 arrest, which was also the basis for his first § 1983 action.[1]  Zuegel challenges the district court's determination that his Fourth

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1]       We address Zuegel's claims in his first § 1983 action in a separate disposition, *Zuegel v. Mountain View Police Department*, No. 21-16277.

Amendment false arrest claim remains barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). We review de novo, *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 777 (9th Cir. 2014) (en banc), and we affirm.

1.      Under *Heck*, a claim for damages under § 1983 is barred when success on that claim "would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. To recover damages under § 1983, a plaintiff must satisfy the favorable termination requirement by "prov[ing] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. In a related appeal, *Zuegel v. Mountain View Police Department*, No. 21-16277, we affirmed the district court's determination that Zuegel's Fourth Amendment false arrest claim is *Heck*-barred.

2.      Zuegel has not satisfied *Heck*'s favorable termination requirement; instead, he asserts that the "*Heck*-bar lifted after [his] probation expired, terminating his constructive custody." Zuegel asserts that he pursued relief in state habeas corpus proceedings, which ended when the Supreme Court of California denied relief on July 10, 2019. He did not file a federal habeas petition because he believed that he would be unable to complete a federal proceeding before his probation ended on September 30, 2019, and that the termination of his probation

2

would render a federal habeas petition moot. Thus, he argues that under *Spencer v. Kemna*, 523 U.S. 1 (1998), he may bring his claims under § 1983 without satisfying *Heck*'s favorable termination requirement.

In *Spencer*, the petitioner filed a federal habeas petition seeking to invalidate an order revoking his parole. *Id.* at 3. Because the petitioner had completed his entire sentence, the Supreme Court found the petition moot because it no longer presented a case or controversy under Article III. *Id.* at 3, 12–16. The Court explained that after a sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* at 7. The Court stated that it has "been willing to presume that a wrongful conviction has continuing collateral consequences," *id.* at 8, but it declined to extend that presumption "to the area of parole revocation," *id.* at 12, 14. In a concurrence (joined by three other justices), Justice Souter determined that, to avoid an "anomaly," *id.* at 20, "[t]he better view [] is that a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound [by *Heck*'s] favorable-termination requirement that it would be impossible as a matter of law for him to satisfy." *Id.* at 20–21; *see Galanati v. Nev. Dep't. of Corrs.*, 65 F.4th 1152, 1155 (9th Cir. 2023) (explaining that *Spencer* suggested that *Heck* does not bar a §1983 claim if it

3

would be impossible as a matter of law for a plaintiff to meet the favorable termination requirement due to the unavailability of habeas relief (citing *Spencer*, 523 U.S. at 21) (Souter, J., concurring)).

We have previously stated that the exception to *Heck*, as suggested in *Spencer*, is limited to "former prisoners challenging loss of good-time credits, revocation of parole or similar matters; the status of prisoners challenging their underlying convictions or sentences does not change upon release, because they continue to be able to petition for a writ of habeas corpus." *Nonnette v. Small*, 316 F.3d 872, 878 n.7 (9th Cir. 2002); *see id.* at 875–76 (holding that *Heck* did not bar an ex-prisoner's § 1983 claim challenging the "deprivation of good-time credits" because he could no longer bring that claim in a habeas petition after his release from custody); *see also Guerrero v. Gates*, 442 F.3d 697, 703–05 (9th Cir. 2006) (holding that, even though the plaintiff was out of custody, *Heck* barred wrongful arrest, malicious prosecution, and conspiracy claims because they attacked his conviction and "his failure timely to achieve habeas relief [was] self-imposed," *id.* at 705); *Galanti*, 65 F.4th at 1156 (explaining the distinction between a challenge to an underlying conviction or sentence and a challenge to the loss of prison credit deductions). Under the reasoning of these cases, the narrow exception to the *Heck* bar is unavailable to Zuegel because he is challenging the validity of his

conviction, not the loss of prison credits, revocation of parole, or similar matters.[2]

*See Nonnette*, 316 F.3d at 878 n.7.

**AFFIRMED.**

---

[2] Even if the narrow exception to *Heck* could apply here, Zuegel would not be entitled to such relief because he has not diligently pursued it. *See Galanti*, 65 F.4th at 1156 (discussing diligence requirement). Zuegel did not file a direct appeal and he did not commence state post-conviction proceedings until fifteen months after he pled no contest. California Rule of Court 8.853(a) (providing a thirty-day deadline to initiate direct review). His delay in pursuing state post-conviction proceedings allowed the statute of limitations for seeking federal habeas corpus relief to expire. *See* 28 U.S.C. § 2244(d); *Cunningham v. Gates*, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002) (stating that "failure [to timely] pursue [federal] habeas remedies" does not protect against *Heck*).